MAY TERM,
1838.

Cates and Gay
v.
Akerd.

RANSOM CATES AND GREEN GAY v. HENRY AKERD.

In all cases of appeals from justices' courts, the circuit court must enter up a new judgment of its own, and it is error simply to affirm the judgment of the justice.

ERROR to the circuit court of Polk county.

TOMPKINS, Judge, delivered the opinion of the court.

Akerd commenced his action against Cates and Gay, before a justice of the peace. The justice gave judgment against the defendants, and they appealed to the circuit court. In the circuit court, the judgment of the justice was affirmed. The entry is in these words, (the argument of the cause being first stated:) "It is therefore ordered by the court, that the judgment of the justice be, and the same is hereby affirmed."

In all cases of appeals from justices' courts, the circuit court must enter up a new judgment of its own, and it is error simply to affirm the judgment of the justice.

By the 8th section of the 8th article of the act to establish justices' courts, &c., page 370, of the Digest of 1835, the circuit court is directed, in cases of appeals from justices of the peace, to proceed to hear, try, and determine the same anew, without regarding any error, defect, or other imperfection, in the proceedings of the justice. By the 17th section of the same act, p. 371, provision is made, that "in all cases of appeals from a justice's court, if the judgment of the justice be affirmed, or if, on a trial anew in the circuit court, the judgment be against the appellant, such judgment shall be rendered against him and his securities," &c. In all cases of appeal under this act, a trial anew must take place before the circuit court, and consequently the judgment of that court must be a new judgment of its own, and not an affirmance of the judgment of the justice.

The provision, then, in the 17th section, in case "the judgment of the justice be affirmed, has nothing, as it seems to me, on which it can act in this statute. It was probably inadvertently copied from some of the older statutes, under which exceptions might be taken to the proceedings before the justice, and his judgment reversed or affirmed accordingly, as the proceedings might be found regular or irregular. The entry made on the record, that the judgment of the justice was affirmed, does not leave this court at liberty to believe that a trial anew took place before the circuit court.

It seems then to me, that the circuit court committed error in affirming the judgment of the justice; and the rest of the court concurring, its judgment is, for that

reason, reversed, and the cause remanded for further proceedings.