MARTIN vs. WHITE.

If the appellant fail to prosecute his appeal from the judgment of a justice of the peace, the judgment must be affirmed. The 13th sec., art. 8, of act concerning Justices' Courts, is qualified by the 16th section of act concerning Costs, and applies only to cases in which the appellant appears on the appeal.

APPEAL from St. Louis Circuit Court.

DOUGHERTY, *for Appellant, insists:*

1. That the court erred in proceeding to affirm the judgment of the justice without a trial *de novo*. Vide Rev. Stat., act to establish Justices' Courts, art. 8, sec. 13.

2. That the court tried the case without a jury and without the consent of the defendant—the action being founded on account and not an instrument of writing. Art. 13, State Constitution; Pratte vs. Cabanne, 9th vol. Mo. R., p. 163; Myers vs. Wolfolk, 3rd vol. Mo. R., top p. 246; Rev. Stat., act to regulate Practice at Law, art. 3, sec. 42.

*Hall* vs. *Mills, ex'r of Mills.*

NAPTON, J., *delivered the opinion of the Court.*

White recovered against Martin thirty-five dollars on an account before a justice of the peace, and Martin appealed to the Circuit Court.— When the case was called, Martin not appearing, the judgment of the justice was, on White's motion, affirmed, and a judgment entered against Martin and his security in the appeal bond for the amount of the justice's judgment and costs. Subsequently, a motion was made to set this judgment aside, on the ground that the plaintiff had offered no proof, and because no trial *de novo* was had. This motion being overruled, Martin appealed to this court.

The 16th section of the 1st article of the act concerning Costs provides, that in all cases when an appeal from a judgment of the County Court or a justice of the peace is not prosecuted by the appellant, according to law, the judgment shall be affirmed, and the costs adjudged accordingly. The 13th section of the 8th article of the act concerning Justice's Courts, which directs the Circuit Court to proceed to try the cause anew, must be understood as qualified by the section above referred to, and therefore only applicable to cases where the appellant is not in default.

The other Judges concurring, the judgment is affirmed.