STARR, Defendant in Error, *vs.* STEWART, Plaintiff in Error.

1. The Circuit Court may affirm the judgment of a justice, when the party appealing fails to prosecute his appeal. (*Martin* v. *White,* 11 Mo. Rep., 214, affirmed.)

### *Error to Newton Circuit Court.*

*F. P. Wright & Hendricks,* for plaintiff in error, insisted that the Circuit Court had no power to affirm the judgment of the justice, without a trial *de novo.* They referred to sec. 13 of the 8th article of the act establishing Justices' Courts, R. C. p. 670, and section 42 of art. 3 of the act concerning Practice at Law, R. C. 815, and cited *Cates & Gay* v. *Akerd,* 5 Mo. Rep. 124. If the defendant failed to prosecute his appeal, the plaintiff should have moved to dismiss the appeal or taken judgment by default, and introduced evidence to prove his damages.

*John M. Richardson,* for respondent, insisted that the Circuit Court acted correctly in affirming the judgment. He referred to the sixteenth section of the act concerning Costs, R. C. 1845, p. 244.

RYLAND, Judge, delivered the opinion of the court.

From the record and proceedings in this case, in the court below, it appears that some time prior to the May term of the Newton Circuit Court, in the year 1846, the plaintiff, Starr, recovered against the defendant, Stewart, before a justice of the peace in said county of Newton, a judgment for the sum of $80 and costs. From this judgment an appeal was taken by Stewart to the Newton Circuit Court.

At the May term of said Circuit Court, in 1846, the judgment of the justice of the peace was, by reason of the default of the appellant, affirmed by the Circuit Court. The defendant afterwards filed his petition to set aside and vacate this

judgment, and to quash the execution issued on the same. These motions came on for hearing at the November term, 1852, and were then overruled, the court refusing to set aside and vacate the judgment, and refusing to quash the execution.

The defendant, Stewart, then brings the case here by writ of error, having saved his exceptions to the rulings of the court.

1. The plaintiff in error relies for the reversal of the judgment of the Circuit Court, upon the ground, that the Circuit Court had no power to affirm the judgment of the justice of the peace upon the appeal, although the appellant failed to prosecute the appeal, and made default in that court.

This case comes fully within the decision of this court heretofore made, and reported in the 11th vol., p. 214, Mo. Rep., *Martin* v. *White.* The decision there made must govern this case, and to that we refer.

The plaintiff in error, by his counsel, refers to the case of *Cates & Gay* v. *Akerd,* 5 Mo. Rep. 124; but it does not appear, that the appellant failed to prosecute his appeal in that case. The case at bar is fully within the case of *Martin* v. *White,* and we will not disturb that decision.

Judgment affirmed, Judge Scott concurring. Judge Gamble not sitting, by reason of indisposition.