THE STATE, Respondent, *vs.* THEVENIN, Appellant.

1. If a party appealing from a conviction before a justice for an assault and battery, fails to prosecute his appeal, the judgment is properly affirmed.

*Appeal from St. Louis Criminal Court.*

*A. P. & P. B. Garesché,* for appellant.
*H. A. Clover,* for the State.

RYLAND, Judge, delivered the opinion of the court.

Thevenin was arrested and tried before a justice of the peace, Mann Butler, Esq., for an assault and battery, charged to have been committed by him on Charles Dwyer. He was found guilty by the jury, who assessed his fine at one dollar. From this judgment, Thevenin appealed to the Criminal Court. When this case was called in the Criminal Court, it was continued on account of the absence of a material witness on the part of the State. This continuance was had on the 13th May, 1853.

16—VOL. XIX.

Afterwards, on the 14th July, 1853, the case was called; the circuit attorney appeared for the State, the defendant did not appear, but made default. Thereupon, on motion of the circuit attorney, it was considered by the court that the judgment of the court below be, in all things, affirmed. The defendant afterwards filed his motion and affidavit to set aside this judgment, which motion was overruled. The defendant excepted, and brings the case here by appeal.

1. The statute concerning justices' courts, breaches of the peace (R. C. 1845, p. 675, sec. 22) declares : "In all cases not specially provided for in this act, the process and proceedings before the justice shall be governed by the laws regulating proceedings in justices' courts in civil cases. By the 20th section, it is declared that, if the judgment of the justice be affirmed, &c., the judgment shall be rendered against defendant and his securities. By the 16th section of the statute concerning costs, (art. 1, R. C. 1845, p. 244,) we find : "In all cases, when an appeal from a judgment of the county court or of a justice of the peace shall not be prosecuted by the appellant according to law, the judgment shall be affirmed, and the costs adjudged accordingly."

This is the rule of proceedings in civil cases. This rule is applicable under the statute to cases of breaches of the peace. The Criminal Court, therefore, was fully authorized to affirm the judgment of the justice of the peace in this case. This court will not interfere with the discretionary power of the Criminal Court, exercised in overruling the motion to set aside the judgment of affirmance. We find no error in the Criminal Court, in overruling this motion. The affidavit in support of the motion did not authorize the court to set aside the judgment. In the opinion of this court, the judgment of the Criminal Court was correct, and the same is affirmed, with the concurrence of the other judges.