MILLIGAN & WIFE, Plaintiffs in Error, vs. DUNN, Defendant in Error.

1. *Martin* v. *White*, 11 Mo. Rep. 214, and *Starr* v. *Stewart*, 18 Mo. Rep. 410, affirmed.

*Error to St. Louis Circuit Court.*

*A. Fenly*, for plaintiffs in error.
*H. N. Hart*, for defendant in error.

RYLAND, Judge, delivered the opinion of the court.

Some time in January, 1849, Milligan and wife sued Dunn before John H. Watson, Esq., the law commissioner for St. Louis. In September, 1850, a trial was had and the jury found their verdict for the defendant. In October following, an appeal was prayed and allowed to the plaintiffs. At the November term of the Circuit Court, in the year 1852, on the 15th day of November, the case was called by the court for trial: the defendant appeared by his attorney, but the plaintiffs, the appellants, being called, came not, but made default. Thereupon, the court, on the defendant's motion, affirmed the judgment of the court below and rendered judgment for costs against the appellants and their security in the appeal bond.

1. The appellants afterwards moved to set aside this judgment of affirmance, which motion being overruled, they excepted, and bring the case here by writ of error.

The court of the law commissioner, at the time of the proceedings before him, in this case, was governed by the rules of procedure applicable to courts of justices of the peace, and was considered as a justice's court. Now, when appeals were taken from a judgment of the county court, or a justice of the peace, and the appellant failed to prosecute the same according to law, the judgment below must be affirmed and costs adjudged accordingly. See statute, costs, R. C. 1845, art. 1, sec. 16.

This court held, in the case of *Martin* v. *White*, 11 Mo. Rep. 214, that the 13th section of the 8th article of the act concerning justice's courts, which directs the Circuit Court to proceed to try the cause anew, must be understood as qualified by the 16th section of article one of the act concerning costs, and therefore only applicable to cases where the appellant is not in default. The decision, in this case, was afterwards recognized and approved by this court, in a late case at Jefferson City. *Starr* v. *Stewart*, 18 Mo. Rep. 410.

Indeed, the statute is positive ; it declares that, " In all cases, when an appeal from a judgment of the county court or a justice of the peace shall not be prosecuted by the appellant according to law, the judgment shall be affirmed.

The law commissioner's court, at that day, when this case was tried, being nothing more than a justice's court, governed by the same rules and regulations, this statute must operate on appeals taken therefrom, and consequently the judgment below, in this case, was properly affirmed by the Circuit Court.

In regard to the docket of the Circuit Court, and the admission of a loose piece of paper, which had been torn or broken off from the docket, after the calling of this case regularly, and on which the case appeared marked and docketed, this court will not interfere. It is entirely competent for the lower courts to know their own dockets, and whether the causes set down for any particular day, are marked on that day's docket or not. The other judges concurring, the judgment below is affirmed.