FREDERICK WESTPHELING, Respondent, *vs.* MICHAEL C. EN-
RIGHT, ADMINISTRATOR OF THE ESTATE OF T. W. CUNNING-
HAM, DECEASED, Appellant.

60  279
48a 633
60  279
66a 588

1. *Probate Courts—Appeals from—Failure to prosecute—What constitutes such
failure as to warrant affirmance.*—Where appellant fails to prosecute his
appeal, as required by law, from the judgment of a Probate Court, the judgment
should be affirmed. Section 8 of the act concerning appeals from the Probate
Court, (Wagn. Stat., 120,) providing for the trial of causes anew in the Circuit
Court, is to be construed in connection with § 16 of the law concerning costs.
(Wagn. Stat., 344.) But failure, for two terms, to give notice of appeal or to
enter an appearance in the Circuit Court, is not such a failure to prosecute the
appeal from the Probate Court as the statute contemplates, in order to entitle
the appellee to an affirmance. The default which will warrant such a step, is
a failure to appear and defend when the case is called for trial.

### Appeal from Buchanan Circuit Court.

*B. R. Vineyard,* for Appellant.

I. There is nothing in the law requiring a notice of the ap-
peal to be given in a case of this sort. It is not like taking
an appeal from a justice of the peace where the statute spe-
cially requires notice to the other party to be given.

*H. M. Ramey,* for Respondent.

(Wagn. Stat., 120, § 8, art. 8, is controlled by Wagn. Stat.,
§ 16, p. 344; Martin vs. White, 11 Mo., 214; Starr vs. Stew-
art, 18 Mo., 410; State vs. Sherman, 19 Mo. 237; Milligan
vs. Dunn, 19 Mo., 643.)

NAPTON, Judge, delivered the opinion of the court.

The only question in this case is the propriety of the ac-
tion of the Circuit Court of Buchanan County, in affirming a
judgment rendered in the Probate Court, upon the motion of
the plaintiff who was appellee. This motion was as follows:
"Now, at this time comes the plaintiff and moves the court to
affirm the judgment in this case, and for ground for such mo-
tion, says that defendant has not prosecuted his appeal with
effect and without delay, and more than two terms of court
have passed since the appeal was taken, and appellant has

given no notice of appeal, and the appellant has not entered his appearance except for the purpose of motion."

There appears to be nothing peculiar in the provisions of the act establishing the Probate Court of Buchanan County, in regard to appeals. The 6th section (p. 85, Sess. Acts of 1866) merely provides that the judgments of that court shall be subject to appeals in all cases to the Circuit Court "in such manner as may be provided by law." The General Statutes provide for the manner of taking appeals from the Probate to the Circuit Court; (Wagn. Stat., 119) and section 8 declares when the transcript from the Probate Court is filed in the Circuit Court, "the court shall be possessed of the cause and shall proceed to hear, try and determine the same anew."

But this court, in the cases of Martin vs. White, (11 Mo., 214;) Starr vs. Stewart, (18 Mo., 410;) State vs. Sherman, (19 Mo., 237,) and Milligan vs. Dunn, (19 Mo., 643) declared that this section must be construed in connexion with the 16th section of the act concerning costs; (Wagn. Stat., 344) which provides that "in all cases where an appeal from a judgment of the County Court or a justice of the peace shall not be prosecuted by the appellant according to law, the judgment shall be affirmed and the costs adjudged accordingly." The court therefore held in those cases, the appellant being in default, that the Circuit Court may properly affirm the judgment, and need not, in such cases, try the case anew. These decisions were chiefly on appeals from justices' courts, but doubtless the reason upon which they rest is equally applicable to Probate Courts, which have supplied the place of County Courts in regard to Probate matters.

But it will be observed, in all these cases, that the appellant was in default, he did not appear when the case was called. In the present case the record does not show any default, unless the facts asserted in the motion, that two terms of court had passed since the transcript was filed, and no notice of the appeal had been given, and no appearance of the appellant had been entered, constitute, either singly or altogether, such a failure to prosecute the appeal as the law requires. But it is

obvious that the phraseology of the statute concerning the duty of appellant to prosecute without delay, is simply another form of requiring him not to be in default—to answer when the case is called and be ready to proceed, when the rules of law and of the court require. Many terms of a court may pass without the least negligence or inattention on the part of the appellant, and it is clear that such lapse of time of itself has no tendency to establish the default of the suitor, and there is no provision in the statute requiring notice of an appeal from the Probate Court—though I believe there is in appeals from justices' courts not taken at the trial. The statement in the motion, that the appellant had not entered his appearance, when it is not stated that the case had ever been called, was entirely immaterial.

Although, then, we hold, in accordance with the cases heretofore referred to, that the court has a right to affirm a judgment appealed from, upon the failure of the appellant to prosecute it without delay, notwithstanding the general injunction to try the case anew, yet this failure must be established in accordance with the usual rules that govern the degree of diligence to be observed in legal proceedings.

The record shows no default in this case. The judgment must be reversed and the cause remanded; the other judges concur.