PRIEST v. THE MISSOURI PACIFIC RAILWAY COMPANY, *Appellant.*

85 521
35a 255|

**Appeals from Justices, When Triable : PRACTICE.** Where on an appeal to the circuit court from a justice of the peace the appellant fails to give notice of the appeal and the appellee enters his appearance on or before the second day of the term the latter is not then entitled to a simple affirmance of the judgment. If he desires a determination of the cause at that term, he must offer evidence and try the case *de novo.*

*Appeal from Monroe Circuit Court.*—HON. THEODORE BRACE, Judge.

REVERSED.

*Smith & Krauthoff* and *Thos. J. Portis* for appellant.

The judgment of the court below is erroneous upon its face. Even if it can be presumed that the plaintiff entered his appearance on or before the second day of the first term after the taking of the appeal (although there is nothing showing this fact), this only entitled him to have the case tried at such term, or to have it continued at the cost of the appellant. R. S., sec. 3056. He was only entitled to have the judgment of the justice affirmed in case the appellant failed to give the required notice of the appeal at least ten days before the second term. R. S., sec. 3057. The statute does not make a failure to give notice ten days before the first term cause for an affirmance. The failure must be a continued one until ten days before the second term. "A judgment of affirmance for want of prosecution cannot be taken at the return term of the appeal," said this court in *Nay v. Han. & St. Jo. Railroad*, 51 Mo. 575, 577 ; *Riddle v. Gillespie*, 67 Mo. 627, 629. It may be true, that the

plaintiff had a right to a trial at that term (assuming that he appeared on or before its second day), but this right did not entitle him to an affirmance, nor to a judgment without having proved his case. The judgment of the circuit court shows that it was rendered pursuant to and upon a motion by plaintiff to affirm that of the justice, and excludes the theory that it was a judgment by default, which could only be rendered upon evidence. And the idea that evidence was introduced to sustain the allegations of the plaintiff's statement is expressly negatived. The judgment was rendered upon the motion to affirm as indicated, and there was no writ of inquiry nor proof of the damages as required by law. *Snider v. St. L., I. M. & S. Railroad*, 73 Mo. 465, 469.

*A. M. Alexander* for respondent.

The record shows that the appellee entered his appearance on the twenty-fifth day of October, 1881. The term of the court commenced by law on the twenty-fourth day of October, 1881. So that there can be no question that the appearance of the appellee was entered on the second day of the term. The appellee having entered his appearance on or before the second day of the term, the cause stood for trial at that term of court. R. S., sec. 3056. After the appearance of the appellee in proper time the cause, so far as a trial was concerned, stood in the same condition that it would at any subsequent term of the court, and the appellant then making default and the circuit court being a court of general jurisdiction had the power to affirm the judgment of the justice.

BLACK, J.—This suit was instituted before a justice of the peace. Judgment was rendered by default on July 9, 1881. Subsequently, defendant filed a motion to set aside the judgment, which motion was overruled, and on July 22, the defendant appealed to the

circuit court. More than ten days intervened between that appeal and the commencement of the next term of the circuit court, the October term, 1881. On October 24, 1881, appellee entered his appearance in the circuit court, the appellant having failed to give any notice of the appeal. On the next day appellant moved to dismiss the suit, which motion was overruled and on October 26, the cause was called for hearing and the defendant failing to appear the judgment of the justice was affirmed. The defendant then appealed to this court.

1. The point made here by the appellant, that the appellee did not enter his appearance on or before the second day of the term of the circuit court, is not well taken, for by law that term commenced on the fourth Monday of October, 1881. The appellee entered his appearance on the twenty-fourth day of the month and hence on the first day of that term.

2. The appellee having thus entered his appearance on or before the second day of the return term, was, according to the plain letter of the statute, entitled to have the cause tried at that term, or continued to the next term at his election. The majority of the court hold that he could not have the judgment affirmed at that term, it being the first term after the appeal was taken, but if he desired to dispose of the case at that term he should have offered evidence and proved up his case, that he could only have a trial *de novo*, not an affirmance, and the following authorities are relied upon, either as asserting that proposition, or as giving support to it; *Berry v. Union Trust Co.*, 75 Mo. 430 ; *Snider v. Railroad Co.*, 73 Mo. 465 ; *Page v. Railroad Co.*, 61 Mo. 78 : *Blake v. Downey*, 51 Mo. 437 ; *Nay et al. v. Railroad Co.*, 51 Mo. 575 ; *Dooley v. Railroad*, 83 Mo. 103.

3. I dissent from this exposition of the law and maintain that the cause being ready for trial, and the

appellant failing to appear, the appellee was entitled to a judgment of affirmance. The statute does, it is true, provide that the cause shall be tried anew in the circuit court, but it also provides that to procure an appeal, the appellant must enter into a recognizance conditioned "that the appellant will prosecute his appeal with due diligence to a decision, and that if, on such appeal, the judgment of the justice be affirmed, or upon a trial anew," etc., that if the judgment be affirmed, such judgment shall be against the appellant and his sureties. Secs. 3040, 3052, 3062, R. S. Now, prior to the revision of 1879, there was no provision in the act with respect to appeals from justices of the peace, which determined in what cases there might be an affirmance of the judgment, though, as we have seen, such a judgment was recognized in several of its provisions. The new section adopted in 1879 (sec. 3057), is: "If the appellant shall fail to give such notice (the notice of appeal) at least ten days before the second term of the appellate court after the appeal is taken, the judgment shall be affirmed or the appeal dismissed, at the option of the appellee." This statute but declares what the court had before that time repeatedly held. 50 Mo. 403; 51 Mo. 579; 63 Mo. 393; 67 Mo. 628. The difference only is, that by this section, the first term or the one which comes on first after the appeal, and by the decisions the first term was the one which came on ten days after the appeal was taken. It seems to be considered this section of 1879 now determines the cases in which alone there can be an affirmance; this is doubtless due to the fact that section 1,000 has been overlooked. That section provides: "In all cases where an appeal from a judgment of * * * a justice of the peace shall not be prosecuted by the appellant according to law, the judgment shall be affirmed and the costs adjudged accordingly." This section, has been a part of the statute law with respect to costs from an early day. It supplied any apparent omission in the

statute with respect to appeals, and declares there shall be an affirmance in all cases where there is a failure to prosecute the appeal. The decisions last cited are all based upon the ground that by a continued failure to give the notice there was a failure to prosecute the appeal, and hence an affirmance was proper.

In *Martin v. White*, 11 Mo. 214, White recovered a judgment against Martin before a justice of the peace. Martin appealed, and when the cause was called he failed to appear, and the judgment of the justice was affirmed. The court then said the right of the appellant to have the cause tried anew must be understood as qualified by this section concerning costs, and he was only entitled to a trial anew when not in default. This case was affirmed in *Starr v. Stewart*, 18 Mo. 410; *Milligan v. Dunn*, 19 Mo. 643; *State v. Thevenin*, 19 Mo 237. In *Nay v. Railroad Co.*, 51 Mo. 575, the defendant appealed subsequent to the rendition of the judgment of the justice and failed to give any notice. There was no appearance by the plaintiff, appellee, until the eighth day of the return term, and hence the cause did not stand for any action at that term. A judgment of affirmance then entered was held to be erroneous, but it clearly enough appears that Judge Adams understood the appellee might have a judgment of affirmance at the next term for want of prosecution, should the appellant then fail to appear.

From all this, the conclusion, it seems to me, must be that the appellee is entitled to an affirmance in all cases where there is a failure to prosecute the appeal according to law; that he is entitled to such affirmance where there is a continued failure, on the part of appellant to give the notice, because that constitutes a failure to prosecute the appeal; that, as in the case at bar, where the cause stands for trial and the appellant fails to appear, that also constitutes a failure to prosecute the appeal, and hence the judgment of affirmance

was correct.    So far as this case is concerned I may add that the record shows that when the defendant's motion to dismiss the suit in the circuit court was overruled it expressly declined to appear further than to perfect this appeal ; surely that was not only a failure, but a refusal to prosecute the appeal.

The judgment is, however, in accordance with the opinion of the other members of the court, reversed and the cause remanded for new trial.    Sherwood, **J.,** absent: