## MUSGROVE v. MOTT, *Appellant.*

1. **Attachment** : AMENDMENT OF AFFIDAVIT. The affidavit, on which an attachment proceeding instituted before a justice of the peace is based, may be amended pending the appeal in the circuit court.

2. ———: APPEAL FROM JUSTICE'S JUDGMENT: TRIAL DE NOVO. It is error for a justice of the peace to render a judgment in such attachment proceeding for a debt not due, but where an appeal was

Musgrove v. Mott.

taken to the circuit court and the debt in the meantime matured, the circuit court, which became possessed of the cause *de novo*, should render judgment without regard to any error in the proceeding in the justice's court.

3. ——. Where the defendant in an attachment suit makes no plea to the affidavit, he thereby confesses the matters stated therein.

*Appeal from Clarke Circuit Court.*—HON. B. E. TURNER, Judge.

AFFIRMED.

*J. W. Reed* and *W. L. Berkheimer*, for appellant.

(1) The court erred in overruling defendant's motion to strike out plaintiff's amended affidavit. A party asking to amend must have someting to amend. *Brosius v. Strock*, 46 Mo. 221; *Bray v. McClurg*, 55 Mo. 128; *Owens v. Johns*, 59 Mo. 89. (2) The court erred in overruling defendant's motion to dismiss. The note was not due until after the rendition of the judgment. R. S., sec. 399; *Hamilton v. McLelland*, 33 Mo. 315. (3) There was no trial or finding on the plea in abatement in the justice's court and the suit should have been dismissed. *Grier v. Fox*, 4 Mo. App. 522. (4) The court erred in rendering judgment by default on the affidavit in attachment, when defendant's plea in abatement denied the truth of the facts therein set out. Where issue has been joined, the court cannot render a judgment by default. *Elliot v. Leak*, 4 Mo. 540; *Cox v. Capron*, 10 Mo. 691; *Ruch v. Jones*, 33 Mo. 393; *McDonald v. Frist*, 60 Mo. 172. (5) The court erred in affirming the judgment of the justice upon the merits, and rendering judgment against defendant and his securities upon the appeal bond. The judgment of the court below was void. R. S., sec. 399; *Hamilton v. McLelland*, 33 Mo.

315 ; *Kritzer v. Smith*, 21 Mo. 296 ; *Turk v. Stahl*, 53 Mo. 437 ; *Snyder v. Railroad*, 73 Mo. 468 ; *Smith v. Railroad*, 20 Mo. App. 689 ; *Tobin v. McCann*, 17 Mo. App. 481.

*Wood & Montgomery* for respondent.

(1) Plaintiff had the right to amend his affidavit. R. S., secs. 3052, 3060 ; *Harper v. Barker*, 9 Mo. 116 ; *Regor v. Owing*, 35 Mo. 506. (2) An appeal from a justice cannot be dismissed for error, defect or other imperfection in the proceedings of the justice. *See v. Bobst*, 8 Mo. 506. (3) Defendant by his default and failure to answer, stood as confessing plaintiff's claim and the truth of the affidavit in the attachment. Freeman on Judgments, secs. 502, *et seq*. (4) The court committed no error in overruling the motion to set aside the judgment by default. It was a matter largely within the court's discretion. *Castlio v. Bishop*, 51 Mo. 162 ; *Lamb v. Nelson*, 34 Mo. 501 ; *Kribben v. Echelkamp*, 34 Mo. 480 ; *Griffin v. Veil*, 56 Mo. 310.

BLACK, J.—This suit was commenced before a justice of the peace by attachment on a note not then due. The justice's record does not show that defendant put in a verbal plea in abatement to the affidavit for attachment as contemplated by section 471, Revised Statutes, but the parties went to trial, and there was judgment for the plaintiff, though the note was not yet due. The defendant appealed to the April term, 1883, of the circuit court, and at that term filed his plea in abatement. Subsequently, and at the same term, plaintiff filed an amended affidavit for attachment, and thereupon the defendant filed motions to strike out the amended affidavit and to dismiss suit, both of which were overruled, and defendant excepted. At the following October term the court gave judgment sustaining the

attachment and against the defendant and the sureties on his appeal bond.

1.   There was no error in permitting the plaintiff to file an amended affidavit for attachment, or in overruling the motion to strike out the amended affidavit.   Section 445, Revised Statutes, 1879, provides that when an affidavit for attachment is adjudged insufficient, the attachment shall not be dissolved, if the plaintiff file a good and sufficient affidavit, and the amended affidavit may embrace the same and other grounds of attachment. See also *Henderson v. Drace*, 30 Mo. 362.   If the affidavit be defective the plaintiff need not wait until the same be held insufficient, but may amend in advance. But it is said there was nothing here to amend by; this is a mistake.   In the affidavit before the justice, the affiant says, "he has good reason to believe, and does believe, that the defendant is going to remove his effects out of the state and defraud the plaintiff out of his demand."   By the amendment it was sought to make the affidavit show that the defendant was about to remove his property out of the state with intent to defraud, hinder or delay his creditors, so as to comply with the fifth ground for attachment.   To say that this affidavit was no affidavit is absurd.

2.   The motion to dismiss the suit is based upon the ground that the justice rendered judgment on the note before it became due.   Suits by attachment are allowed upon demands not yet due, in certain cases of which the present is one.   R. S., sec. 399.   It is true, this section also provides that judgment shall not be rendered until the maturity of the demand.   To thus render judgment before the debt became due was error on part of the justice, but when the cause was appealed it became the duty of the circuit court to proceed with it *de novo*, without regard to any error in the proceeding in the justice's court.   Section 3052; *Boulware v. Railroad*, 79 Mo. 494.   The fact that the justice committed error

is no ground for dismissing the suit. The demand was due when the circuit court entered up judgment.

3. The next error assigned is, that the court erred in sustaining the attachment and in giving judgment for the plaintiff on the note without proof. It is to be observed that the defendant made no plea in abatement to the amended affidavit, verbal or written, by reason of which he confessed the matters therein stated. Again, the record made at the October term, the next term after the one to which the cause was appealed, and to which both parties had appeared, recites that the attorneys for defendant withdrew from the defence and the defendant made default, and on motion of the plaintiff it is ordered that the attachment be sustained, and that the plaintiff have and recover of the defendant, etc. This was, on the part of the appellant, a complete abandonment of the defence. It was a failure to prosecute the appeal according to the terms of the appeal bond, as they are prescribed in sections 3040 and 3042, Revised Statutes, and under section 1000, the court was authorized to enter up judgment of affirmance. *Starr v. Stewart*, 18 Mo. 410 ; *McDowell v. Strong*, 35 Mo. 505. The judgment here is in effect a judgment of affirmance. Besides all this the suit was upon a note which was a part of the case before the court, and no other or further evidence was required as to the cause of action upon its merits.

4. The motion subsequently filed by the defendant and his securities on the appeal bond to set aside the judgment is but a reiteration of the previous history of the case, and is based upon alleged errors before considered, and was, for the reasons before stated, properly overruled.

The judgment of the circuit court is affirmed. All concur.