WILLIAM WILLIAMSON, Respondent, v. THE MISSOURI PACIFIC RAILWAY COMPANY, Appellant.

### Kansas City Court of Appeals, April 11, 1887.

1. PRACTICE—CONSTABLE'S RETURN ON SUMMONS—PROCEEDINGS ON APPEAL IN CIRCUIT COURT.—The sufficiency of the constable's return on a summons cannot be inquired into, on an appeal from a justice's court, in the circuit court. The statute provides that that court shall proceed to hear, try and determine the case anew, "without regarding any error, etc., in the *original summons*, or the *service* thereof, or on the trial, judgment, or *other proceedings* of the justice or constable in *relation to the cause*." Rev. Stat., sect. 3052.

2. ——— AFFIRMANCE OF JUDGMENT OF JUSTICE—EFFECT OF ENTRY OF APPEARANCE ON APPEAL.—At the return term in the circuit court, on an appeal from a justice's court, the circuit court is not authorized to *affirm* the judgment because of the defendant failing to appear. Unless the appellee enters his appearance on or before the second day of such term (except where appeal is taken on the day of the rendition of the judgment by the justice, and allowed ten days before the first day of term of appellate court), the cause stands continued as a matter of law; and even upon such entering of appearance, the cause can only be *tried de novo*.

APPEAL from Moniteau Circuit Court, HON. E. L. EDWARDS, Judge.

*Reversed and remanded.*

Statement of case by the court.

This suit was begun before a justice of the peace for the recovery of damages on account of the killing of certain live stock, the property of plaintiff. There was a judgment, by default, against the defendant, in the justice's court. The defendant, in due time, appearing for that purpose only, filed a motion to set aside the judgment by default. The motion being overruled the defendant appealed to the circuit court. In the latter court, at the return term of the appeal, the defendant, again appearing for that purpose only, filed a motion asking the court to dismiss the suit on account of the insufficiency of the constable's return on the summons. The court denied the motion. On the same day of the said term, viz., the return term of the appeal, the case coming on for trial and the defendant failing to appear, the court affirmed the judgment of the justice.

The defendant has appealed from said judgment to this court.

Adams & Bowles, for the appellant.

I. The service made by the constable was not in accordance with the statute, and the justice acquired no jurisdiction. Laws of Mo., 1883, p. 104.

II. By moving to set aside the judgment by default *in the justice's court*, defendant did not thereby waive defects in the service of summons; the appearance was only *special*, alleging insufficiency of service and want of jurisdiction. *Brandenburg v. Easley*, 78 Mo. 659. And the appearance in the *circuit court* was also only a *special* one for the purposes of the motion to dismiss, and in overruling this motion the court committed error. *Brandenburg v. Easley*, *supra*.

III. Plaintiff appellee not having entered his appearance on or before the second day of the term, the appeal not having been taken on the day of the rendition of the judgment, and no notice of appeal having

been served ten days before the first day of the term the cause was not then for trial, but stood continued as a matter of law. Rev. Stat., 1879, sect. 3056; *Hawley v. Railroad,* 80 Mo. 540, and cases cited; *Blakely v. Railroad,* 79 Mo. 342; *Nay v. Railroad,* 79 Mo. 575.

IV. The action of the circuit court, in affirming the judgment of the justice at the first term after the appeal was taken, was unauthorized and illegal. If the plaintiff appellee had entered his appearance on or before the second day of such term the court could then only have proceeded to try the cause *de novo.* Rev. Stat., 1879, sect. 3057; *Riddle v. Gillespie,* 67 Mo. 627; *Brownsville v. Rembert,* 63 Mo. 393; *Smith v. Railroad,* 20 Mo. App. 689; *Berry v. Transportation Co.,* 75 Mo. 430; *Nay v. Railroad,* 79 Mo. 575.

V. The damages claimed in this case were occasioned by the killing of plaintiff's stock at a public crossing. The judgment rendered by the justice for *double* damages was unauthorized by law, and the circuit court could not affirm such illegal judgment. *Upon the record* the judgment was erroneous, and this was *brought to the attention of the circuit court* by the motions in arrest of judgment and for a new trial, and in *overruling these motions* the court committed error

No brief for the respondent.

## I.

HALL, J.—The sufficiency of the constable's return on the summons could not be inquired into on an appeal to the circuit court. By our statute (Rev. Stat., sect. 3052) it is provided that "upon the return of the justice being filed in the clerk's office, the court shall be possessed of the cause and *shall proceed to hear, try and determine the same anew, without regarding any error, defect or other imperfection in the original summons, or the service thereof,* or on the trial, judgment, or other proceedings of the justice *or constable in relation to the*

*cause.*"   *Gant v. Railroad,* 79 Mo. 502; *Boulware v. Railroad,* 79 Mo. 494; *Fitterling v. Railroad,* 79 Mo. 504.

## II.

It was error for the court to affirm the judgment of the justice at the return term of the appeal. Under certain circumstances the case would have been for trial at the term, but the court should not, at that term, have affirmed the judgment. *Priest v. Railroad,* 85 Mo. 523.

For this error the judgment must be reversed and the cause remanded. It is so ordered. Ellison, J., concurs; Philips, P. J., absent.