HOLLOMAN v. THE ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY, *Appellant*.

1. **Civil Practice :** APPEAL FROM JUSTICE : AFFIRMANCE OF JUDGMENT. An appellee, in a cause appealed to the circuit court from a justice of the peace, is entitled, where the cause is for trial and the appellant fails to prosecute his appeal, to a judgment of affirmance. R. S., sec. 1000. (*Berry v. Union Trust Co.*, 75 Mo. 430, and *Priest v. Railroad*, 85 Mo. 521, *overruled*).

2. —— : —— : ——. He is entitled to such judgment of affirmance whether the cause is for trial at the demand of either party, or at the option of the appellee only, under Revised Statutes, section 3056.

*Appeal from Iron Circuit Court.*—HON. J. L. THOMAS, Judge.

AFFIRMED.

*George H. Benton* for appellant.

On an appeal from the justice of the peace to the circuit court, the appearance of the respondent, on the second day of the return term, gives him the right to have the cause tried or continued, but does not entitle

him to an affirmance for failure to prosecute the appeal, and a judgment of affirmance thus obtained is void. *Smith v. Railroad*, 20 Mo. App. 689; R. S., secs. 3056, 3057; *Berry v. Union Trust Co.*, 75 Mo. 430, 433; *Snider v. Railroad*, 73 Mo. 468.

*J. B. Walker* for respondent.

BLACK, J.—This suit was commenced before a justice of the peace in Iron county to recover damages, under section 809, Revised Statutes, 1879, for stock killed by defendant's cars. A judgment by default was rendered by the justice, and on the nineteenth of September, 1884, the defendant duly appealed the cause to the circuit court. At the following October term of the circuit court, the plaintiff entered his appearance on or before the second day of that term. The defendant, when the case was called, and after the plaintiff had announced ready for trial, moved the court to dismiss the suit, because the damages claimed exceeded one hundred and fifty dollars, and for that reason the justice of the peace had no jurisdiction of the case, which motion the court overruled. The bill of exceptions shows that after the motion to dismiss was overruled, the defendant refused to further appear in the cause, and the court thereupon affirmed the judgment of the justice. The judgment entered is one of affirmance, no evidence having been offered by either party.

The defendant filed no motion for new trial, but did file a motion in arrest, the grounds of which are: (1) Because the judgment is illegal, improper, and erroneous on the face of the record. (2) Because the court had no jurisdiction of the subject matter of the action, and, therefore, no authority to render a judgment. The jurisdiction of the justice of the peace in these suits having been so often affirmed, that question is not now pressed in this case, and it is doubtful whether, when

the appeal was taken, it was designed to bring any other question here for review; but under the first ground for arrest, it is insisted that the judgment is void because the court gave judgment of affirmance at the first term of the circuit court after the appeal was taken.

The condition of the appeal recognizance is, and must be, "that the appellant will prosecute his appeal with due diligence to a decision, and that if, on such appeal, the judgment of the justice be affirmed, or upon a trial anew in the appellate court, judgment be given against him, he will pay," etc. Section 3054 provides: "All appeals allowed ten days before the first day of the term of the appellate court next after appeal allowed shall be determined at such term, unless continued for cause." Provision is then made for notice and section 3056 declares: "If the appellant, fail to give notice of his appeal, when such notice is required, the cause shall, at the option of the appellee, be tried at the first term, if he shall enter his appearance on or before the second day thereof, or, at his instance, shall be continued, as a matter of course, until the succeeding term, at the cost of the appellant, but no appeal shall be dismissed for want of such notice."

Section 1000 provides: "In all cases where an appeal from a judgment of * * * a justice of the peace shall not be prosecuted by the appellant according to law, the judgment shall be affirmed and the costs adjudged accordingly." Other sections provide that the cause shall be tried anew in the appellate court, but it has been held from an early day, in view of the condition of the appeal bond and section 1000, that the appellant's right to have the case tried anew was conditioned upon the fact that he was not in default. The clear result of the earlier adjudications upon these statutes is, that whenever the cause stood

for trial and the appellant failed to prosecute his appeal, the appellee was entitled to a judgment of affirmance. He was entitled to the judgment of affirmance whether the cause stood for trial at the demand of either party, or at the option of the appellee only, under section 3056. *Martin v. White*, 11 Mo. 214; *Starr v. Stewart*, 18 Mo. 410; *Milligan v. Dunn*, 19 Mo. 643; *State v. Thevenin*, 19 Mo. 237.

In this case the cause stood for trial at the election of the appellee; the appellant's motion being overruled, it refused to have anything more to do with the case, and made that action a matter of record. This was not only a failure, but a refusal to prosecute the appeal; and under the authorities before cited the appellee had a perfect right to take a judgment of affirmance against the appellant and its sureties on the appeal bond, though it was the first term of the appellate court. It is true that section 3057, which is a new section, adopted in 1879, provides: "If the appellant shall fail to give such notice, at least ten days before the second term of the appellate court, after the appeal is taken, the judgment shall be affirmed, or the appeal dismissed, at the option of the appellee," but that section has no application to cases like the present one. Under that section, where no notice is given, the appellee may have the judgment affirmed or appeal dismissed, at the second term, though he then appears for the first time, and then only for the purpose of making the motion. The law with respect to an affirmance in other cases remains as it did before the passage of that statute.

The remarks made in *Berry v. Union Trust Co.*, 75 Mo. 430, and in *Priest v. Railroad*, 85 Mo. 521, which are in conflict with what is here said, are hereby disapproved. All concur.