W. P. SUMMERS, Defendant in Error, v. HOME INSURANCE COMPANY, Plaintiff in Error.

56 653
61 228

### St. Louis Court of Appeals, March 5, 1894.

1. **Practice Trial:** NOTICE OF DOCKETING OF CAUSE FOR TRIAL. A trial court is not required to give to litigants any notice of the setting of a cause for trial, other than that afforded by the setting of its docket.

2. **Insurance, Fire:** PLEADING. The failure of the petition in a suit on a fire insurance policy to state the amount of the premium is, at most, an imperfection in the statement of the cause of action which is cured by verdict.

3. ———: ———. The allegations of such a petition are *held* to sufficiently show after verdict that a payment, which had been made by the insurer to a third person who held the policy as collateral security by assignment from the plaintiff, had not been made as a discharge or satisfaction of the entire liability of the insurer, but merely to liquidate so much thereof as belonged to such third person.

*Error to the Howell Circuit Court.*—HON. W. N. EVANS, Judge.

AFFIRMED.

*Fyke & Hamilton* for plaintiff in error.

*Chaney, Green & Gardner* for defendant in error.

BOND, J.—This action is for a balance due on a policy of insurance. This case has been in this court before. On a former hearing in this court it was remanded for the reasons: *First.* That the petition did not state "the value of the property destroyed either in express terms or by necessary inference." *Second.* That the petition did not "state that the property insured and the property destroyed were identical." *Summers v. Ins. Co.*, 53 Mo. App. 521.

Before the trial in the circuit court, the petition was amended so as to conform to the opinion of this court; and thereupon the cause came on to be heard before the judge of the circuit court sitting as a jury, who rendered judgment in favor of plaintiff for the unpaid balance of the policy sued on.

The defendant did not appear on the trial in the circuit court, and filled no bill of exceptions therein. It brings the case here by writ of error, and assigns for error, first, that the circuit court tried the cause without notice.

There is no merit in this assignment. The law does not require trial courts to give any other notice to litigants of the setting of causes for hearing than that afforded by the setting of the docket of the courts. Revised Statutes, 1889, secs. 3228, 3229. It is not shown that this cause was not regularly docketed for trial before the term began at which it was tried.

The second ground of error alleged in this court is, that the petition fails to state a cause of action, because it does not state the premium paid for the policy.

The petition does state that a premium was paid; it only fails to state the specific sum. This was, at most, a defective or imperfect statement of a cause of action, and therefore cured by verdict. *Garth v. Caldwell*, 72 Mo. 629.

Nor can we sustain the further assignment of error by defendant, that the petition does not state a cause of action, since it fails to allege a reassignment of the policy, or that the assignee had fraudulently adjusted the loss with defendant.

The language of the petition by necessary implication shows the extent and nature of the assignment of the policy as collateral security to a building company which constructed plaintiff's dwelling, and the exact amount paid to it as assignee; that the purpose of the

transfer was to secure $750 due from plaintiff to said building company, and that this amount *only* was paid by defendant to the holder of the policy; that defendant thereafter refused to pay the balance due under said policy, to-wit, $250, which belonged to plaintiff after the satisfaction of the debt which had been secured by the policy.

These averments of the petition were clearly sufficient to warrant the introduction of evidence tending to show that the assignee of the policy had received payment of its own claim only.

As there is nothing before us on this appeal but the bare petition and the finding and judgment of the court, we must presume that all evidence, within the intendment of the petition, necessary to support that judgment, was offered in the lower court. Finkelnburg's Appellate Practice, p. 103.

Our conclusion is that the judgment herein should be affirmed. All concur.