Gullett v. Swinney et al.

---

PETER GULLETT, Respondent, v. W. H. SWINNEY *et al.*,
Appellants.

St. Louis Court of Appeals, February 26, 1895.

Justices' Courts: AFFIRMANCE OF JUDGMENT IN CIRCUIT COURT. When an appeal is taken from a judgment of a justice of the peace, and the cause is thereon in regular course docketed for trial on a fixed day in the circuit court, but the appellant fails to appear when it is called for trial on that day, the judgment of the justice should be affirmed; and this is so, though the appellant is entitled to a trial by jury, and is misled and fails to make preparation for trial owing to the fact that no jury cases were docketed for trial on that day.

*Appeal from the Greene Circuit Court.*—HON. JAMES T.
NEVILLE, Judge.

AFFIRMED.

*S. A Hazeltine, Harvey Murray* and *Lane & Walker* for appellants.

It was an abuse of discretion on the part of the trial court not to reinstate the case, and grant a jury trial. The defendant's attorney was not at fault. He had a right to rely upon a jury trial, and a right to believe the court would not violate a constitutional provision in the disposition of this cause. *Judah v. Hogan,* 67 Mo. 252; *Tucker v. St. Louis Life Ins. Co.,* 63 Mo. 538; *Real Estate Sav. Inst. v. Callonious,* 63 Mo. 290; *Primm v. Robateau,* 56 Mo. 407; *Erisman v. Erisman,* 59 Mo. 367; *Liemers v. Kleeburg,* 56 Mo. 196; *Fithian v. Monks,* 13 Mo. 502; *Myers v. Field,* 37 Mo. 434; *Riley v. McCord,* 24 Mo. 265; *State v. Culp,* 39 Mo. 530.

*Francis M. Wolf* and *Rufus V. Bowden* for respondent.

ROMBAUER, P. J.—The only question presented by this appeal is whether the trial court abused its judicial discretion in refusing to vacate a judgment of affirmance under the following circumstances:

The plaintiff obtained a judgment for the possession of property and damages in a replevin suit before a justice of the peace, and the defendants appealed to the circuit court. On the first day of the term at which the cause was triable, the judge, according to custom, called the docket for the entire term, and assigned the causes to their respective days of trial. The cause was assigned to October 10, 1893, on which day no jury cases were set. Cards, showing the arrangement of the docket and the setting of causes, were printed by the clerk and distributed to the attorneys, and it stands conceded that the attorneys of the defendants were in possession of one of these cards, showing that the cause

was set for trial on October 10, 1893. On that day the plaintiff appeared in court, and, the defendants not appearing either in person or by counsel, the court, upon the plaintiff's motion, affirmed the judgment of the justice for failure to prosecute the appeal. The defendants, within four days thereafter, moved to vacate the judgment on the ground that the court erred in setting the cause for trial on the court docket and thereby depriving defendants of a jury trial. On the hearing of the motion, one of the attorneys of the defendants testified that he was misled by the setting of the cause among the jury waived cases, and owing to that fact he had made no preparation for trial, and that the defendants had a meritorious defense.

It is evident from this statement that the court was not guilty of any abuse of its discretion. The appellee was entitled, as a matter of law, to a judgment of affirmance. *Holloman v. Railroad*, 92 Mo. 284. The appellant had all the notice of the setting of the case to which he was entitled by law. *Summers v. Insurance Co.*, 56 Mo. App. 654. A party, who fails to appear, is deemed to have waived a jury trial. R. S. 1889, sec. 2133. Other points made in appellant's brief address themselves to the question of professional ethics only.

All the judges concurring, the judgment is affirmed.