SAMUEL ROSENTHAL, Respondent, v. SAMUEL RUBINSTEIN, Appellant.

St. Louis Court of Appeals, November 23, 1897.

1. **Appeal from Justice's Court:** FAILURE TO PAY FILING FEE: AFFIRMANCE: REFUSAL TO VACATE: JUDICIAL DISCRETION. On appeal from the judgment of a justice to the circuit court the refusal of the court to set aside a judgment of affirmance entered for failure of appellant to pay the filing fee, was not an abuse of its discretion where appellant's only excuse was that he had paid all that the justice required at the time of the appeal, and did not know that a further sum was to be paid to entitle the cause to be docketed.

2. ———: AFFIRMANCE WITHOUT NOTICE. A judgment of affirmance is not void because entered without notice of motion therefor. No notice is required by the statute; and if any is prescribed by the rules of the circuit court, such rules must appear in the record, this court will not take judicial notice of them.

*Appeal from the St. Louis City Circuit Court.*—HON. JACOB KLEIN, Judge.

AFFIRMED.

*R. S. McDonald* and *M. Kinealy* for appellant.

The diligence required of defendant in this case was that he should not be negligent; and under all the circumstances of this case he exercised all the diligence

the law required.  *Johnson v. R'y*, 48 Mo. App. 633; *Vastine v. Bailey*, 47 *Id*. 415.

Defendant was entitled to notice of plaintiff's motion to affirm the judgment.  *Johnson v. R'y, supra*, par. 3.

This is a proper case for the exercise of the discretion of this court to set aside the judgment of affirmance by the court below.  See citations, *supra*.

In determining this case this court will take judicial notice of the kindred case of *Ern v. Rubinstein*, on the docket of this court for the same day as that on which this cause is docketed for hearing.  *Washington & I. R. Co. v. Coer D. H. R. & N. Co.*, 160 U. S. 102, last par.; *Denny v. State ex. rel., etc.*, 31 L. R. A. 726.

*John H. Boogher* and *Perry Post Taylor* for respondent.

Appellant's failure to pay the fee required by law prior to the return day of the term to which the appeal was taken entitled respondent to an affirmance of the judgment of the justice upon payment of the fee and filing of the transcript.  *Martin v. White*, 11 Mo. 214; *Hardison v. Steamboat*, 13 *Id*. 226; *Starr v. Stewart*, 18 *Id*. 410; *Milligan v. Dunn*, 19 *Id*. 643; *Westpheling v. Enright*, 60 *Id*. 279; *Holloman v. R'y*, 92 *Id*. 284; *Donzelot v. Tillotson*, 8 Mo. App. 565; *Wilson v. Ryan*, 15 *Id*. 597; *Dalton v. McCaffery*, 20 *Id*. 61; *Davis v. Miller*, 35 *Id*. 253; 2 R. S. 1889, p. 2148, sec. 17; R. S. 1889, sec. 2930.

Appellant's ignorance of the law does not excuse him.  *Johnson-Brinkman Com. Co. v. R'y*, at 416.

There was no fraud or deceit on the part of plaintiff.  *Kleimann v. Gieselmann*, 114 Mo. 445.

The record clearly shows negligence on the part of appellant.  *Smith v. Merrill*, 26 Mo. App. 65.  See,

also, *Hardison v. Steamboat, Donzelot v. Tillotson,* and *Wilson v. Ryan, supra.*

The court did not abuse its discretion in refusing to vacate the order affirming the judgment of the justice, and unless it is clearly shown that such discretion was abused, the judgment should be affirmed. *Hardison v. Steamboat,* 13 Mo. 226; *Donzelot v. Tillotson, Wilson v. Ryan,* and *Dalton v. McCaffery, supra.*

BOND, J.—This action is to recover the amount of a check given to plaintiff by defendant and protested for non-payment. It was begun before a justice, carried by change of venue taken by defendant to another justice, where after a continuance by defendant it was set for trial June 30, 1896, on which day defendant not appearing judgment by default for $222 was entered in plaintiff's favor, from which defendant took an appeal to the circuit court. At the time of his appeal defendant did not pay the filing fee to the justice, but paid him for the transcript. Neither did defendant pay the filing fee of the circuit court. Thereupon plaintiff paid the filing fee in the circuit court and on motion had an affirmance of the judgment. Defendant moved to set this aside. His motion being overruled, he appealed to this court.

The only question raised by this appeal is whether the trial court abused its discretion in refusing to vacate its judgment of affirmance. The only excuse shown on the trial of the motion to vacate for not paying the filing fee was that appellant paid all that the justice demanded at the time of the appeal to the circuit court, and did not know that a further sum must be paid either to the justice or to the clerk of the circuit court to entitle the case to be docketed. Granting that appellant was illiterate, which is denied in an affidavit

APPEAL from justice's court: failure to pay filing fee: affirmance: refusal to vacate.

made by respondent, still it was the duty of his attorneys to inform him to whom and what sum he should pay to perfect his appeal from the justice to the circuit court.   If this was not done, or if it was done and the advice was not heeded, in either case appellant would not be entitled as a matter of right to a vacation of an affirmance properly taken in the circuit court.   Neither is there any merit in the contention of appellant that the affirmance was void because entered into without notice of the motion therefor.

AFFIRMANCE without notice.

No notice is required by statute.   If any is prescribed by the rules of the circuit court, such rules are not in the record and we can not take judicial cognizance of them. *Johnson v. R. R.*, 48 Mo. App. *loc. cit.* 633.   In the case at bar the record shows that respondent paid the filing fee, entered his appearance at the return term of the appeal from the justice, and moved for an affirmance for the default of appellant in prosecuting his appeal from the justice.   Under these circumstances respondent was clearly entitled to an affirmance of the judgment in his favor. *Davis v. Miller*, 35 Mo. App. *loc. cit.* 253; *Dalton v. McCaffery*, 20 Mo. App. *loc. cit.* 65; *Holloman v. R'y*, 92 Mo. 287.

Finding no reversible error in the judgment herein, it will be affirmed.   All concur.