WILEY *et al.*, Defendants in Error, v. HOLMES, Plaintiff in Error.

1. A. and B. gave to C. their joint promissory note dated and payable at the city of New York. By the law of the state of New York at the date of the note, upon the recovery of a judgment against one of two joint debtors there was a merger of the debt and no action could afterwards be maintained against the other joint debtors. C. instituted suit upon said promissory note in the state of Louisiana against A. alone, and recovered judgment. *Held,* that this judgment against A. was no bar to an action on the note against B. alone in the courts of this state.

*Error to St. Louis Court of Common Pleas.*

This was an action on the following promissory note: " $20,202.97. New York, March 19, 1849. Twelve months after date, we promise to pay to the order of L. M. Wiley & Co., at their office in New York, twenty thousand two hundred and two 97-100 dollars, value received. [Signed] Bloomer & Holmes." The defendants set up as a defence that by the law of New York, to which the note was subject, the promise and obligation of the note were joint and not several; that a judgment of a court of record had against one of the makers thereof alone was a merger and extinguishment of the contract of the note as to the other maker thereof; that in a suit instituted by the plaintiffs in the fourth district court of New Orleans, Louisiana, upon said note against Bloomer alone, a judgment was rendered against him alone on the 25th of January, 1855. At the trial the plaintiffs introduced the note in evidence. The following extract from the bill of exceptions contains all the evidence introduced touching the judgment recovered in Louisiana: " The defendant gave evidence showing that the law of the state of New York, when said note was made, touching joint contracts, was the English common law, and also read article first of title six, on pages 299 and 300 of volume two of second edition of the revised statutes of New York, published in 1836, which may be read in supreme court. He

also gave in evidence a judgment recovered by the plaintiffs prior to the commencement of this suit, to-wit, on the 25th of January, A. D. 1855, against Robert Bloomer, upon said note, in a suit instituted by them against said Bloomer alone in the fourth district court of New Orleans, in the state of Louisiana, the same being a court of record." The cause was tried by the court without a jury. The court, at the instance of the plaintiffs, gave the following instructions or declarations of law : " 1. If the court believe from the evidence that a judgment was obtained by the plaintiffs against Robert Bloomer on the note sued on in the state of Louisiana, such judgment is no bar to a suit on said note against Artemas L. Holmes in the state of Missouri. 2. Although the note sued on was drawn in New York and was payable in New York, and although the said plaintiffs have obtained a judgment in the state of Louisiana against Robert Bloomer, one of the makers of said note, such judgment is no bar to a recovery by the plaintiffs in the state of Missouri on said note." The court refused the following instruction asked by the defendant : " If the court believe from the evidence that the law of contracts of the state of New York, at the time the note for $20,202.97 first declared upon in the petition in this cause was made, was the English common law, and that, prior to the bringing of this suit, the plaintiffs had recovered a judgment in a court of record upon said note against Robert Bloomer as one of the makers thereof, then the court should find for the defendant as to this note."

The court found and rendered judgment for plaintiffs.

*Todd*, for plaintiffs in error.

I. The law of the place of the contract governs as to its nature, obligation and interpretation. (Chitty on Contr. 91 ; Story on Confl. of Laws, § 263.) Whether a contract is joint, or joint and several, is a question that concerns the nature and attributes of the contract and therefore its obligation. (Chitty, 98 ; Story on Confl. 263.) The contract of the note in this case is at common law joint. At com-

mon law, a suit, and a recovery therein of a judgment, in a court of record against one of two or more joint promissors is a merger and an extinguishment of the simple contract as to the others. (12 M. & W. 494; 1 Parsons on Contr. 12 note; Collyer on Part. § 757; 18 Johns. 460; 4 Johns. Ch. 566; 2 Mo. 66; Camden v. Clark, 2 Mich. 255; 7 Mo. 604; 13 Mass. 148.) The act concerning contracts (R. C. 1855, p. 351) can not affect the nature or obligation of contracts made and payable out of the state of Missouri as established by the law of the place of their making. The obligation of this contract is an entirety; not the obligation of the makers of the note, but of both. It is destroyed when it is destroyed as to one. (18 Johns. 479; 3 Sto. 651; 8 Wheat. 35; 1 How. 315; Sedgwick on Stat. & Const. Law, 652; 4 Mart. 312; 7 Mart. 210.) If good as a remedy against one, it does not follow that a judgment against one sued alone is not a merger. The merger follows notwithstanding. (2 Mich. 255.) Our statute does not say that a merger shall not follow from a judgment in a suit against one on a joint contract. If it did, it would change its nature; it would impair its obligation by dividing it. At common law a suit upon a joint contract must be against all. This was not founded upon a rule of practice merely, but upon the nature of the contract, because there was but *one* obligation. If one or more of the joint promissors were beyond the jurisdiction, the creditor might proceed to the outlawry of the absentees. Their goods might be seized. Nonresidents may be proceeded against here by attachment, or by notice by publication, or by service out of the state. The judgment in this case was rendered in Louisiana. It will be presumed that the common law, as understood in this state, prevails in Louisiana. (16 Mo. 110.) By the federal law judgments of sister states have the same credit, validity and effect in other states as in the states in which they are rendered. Said judgment is a bar to this suit.

*Knox & Kellogg*, for defendant in error.

I. The judgment against Bloomer in New Orleans was no

Wiley v. Holmes.

bar to this suit. (R. C. 1855, p. 351; 16 Louis. 544.) The law of the place where the contract was made can not control the manner of its enforcement in other states. Contracts, which at common law were joint, are here joint and several. No matter where the contract is made, one of several promissors may here be sued alone. Our statute does not impair the obligation of the contract. The reason why, by the law of New York, a contract is merged in a judgment against one of several joint debtors does not exist here. The judgment against Bloomer was not rendered in New York; it was rendered by confession in the state of Louisiana. By the law of Louisiana, the judgment against Bloomer was no bar to a suit on the same contract against Holmes. (16 Louis. 544.)

SCOTT, Judge, delivered the opinion of the court.

This suit is founded on a promissory note executed to the plaintiffs by the style of L. M. Wiley & Co., payable in New York. The note was signed "Bloomer & Holmes"—a partnership composed of the defendant and Robert Bloomer—and dated "New York, March 19th, 1849." The defence was that by the laws of New York the note was a joint one, and that by the law of that state a judgment recovered against one of the parties thereto was a merger and extinguishment of the contract as to the other party, and that afterwards no action could be maintained upon it; that in an action on the said note in the state of Louisiana a judgment was rendered against the said Robert Bloomer, one of the parties thereto, and therefore the contract was extinguished as to both of them. There was a judgment for the plaintiffs.

It is well settled that the law of the place of the contract governs as to its nature, obligation and interpretation, and also that it determines whether a contract is joint and several, or several. It is equally clear that by the common law, which is shown to be the law of New York on this subject, the note sued on is a joint one, and that, if a creditor sues one debtor on a joint contract and recovers against him a

judgment, the debt is merged in the judgment, and, in case the judgment is not satisfied, the creditor can not afterwards sue the other joint debtor or debtors. This was on the ground that the creditor by his own voluntary act had extinguished his debt as to one of the debtors, and a debt being extinguished as to one was extinguished as to all of the debtors. At common law, in case of joint contracts, the joint debtors, who could not be served with process, might be prosecuted to outlawry; in which event, the estate of the outlaw falling into the hands of the crown, the creditor might, by an application to the king, obtain satisfaction of his demand.

At common law, if one of the joint debtors died, although no suit at law could be sustained against the representatives of the deceased debtor, the cause of action surviving only against the living debtor, yet courts of equity, in such cases, afforded relief, and permitted the debt to be recovered against the representatives of the deceased debtor. And so far was this carried, that the representatives of the deceased debtor might be sued before any action was instituted against the survivor. (Winter v. Innes, 4 Mylne & Craig, 109.) This must have been on the ground that the creditor in nowise contributed to the act which deprived him of his action at law; and it shows that, although technically at law the remedy against one of the joint debtors may be lost, yet, where the creditor does no act himself which affects his remedy, that in equity and substantial justice it will be preserved for him. Thus it would seem that at the common law a destruction or taking away of the right of recovery in a suit at law against one of the joint debtors does not destroy all remedy against him and the surviving debtor, but that the right of recovery would remain as to all, but yet to be pursued in different forums. We are of the opinion too that it may be inferred from this that the act by which the creditor's remedy is to be merged or extinguished must be a voluntary one on his part. It must be his own act. If the act of God will not extinguish the creditor's right of recovery on a joint

demand, can the debtor by his own act do it? Can two debt-
ors create a joint debt in a state where the common law pre-
vails, and afterwards, even before the debt becomes due, by
removing into different states, prevent a recovery of it, by
setting up the defence, to an action against one of them, when
only one can be sued, that by the law of the place where the
contract was made it was a joint one, and the action on it
must be joint and against both or it must fail. To a plea
containing such a defence, would it not be a good replica-
tion that the defendant by his own act in removing to ano-
ther state had prevented the institution of a joint action?

We do not see how the international law as to the nature,
obligation and interpretation of contracts can affect this
question. If both the debtors had remained in New York
and whilst there the debt had been merged as to one of them
by the voluntary act of the creditor, there might be some
propriety in holding that this action could not be maintained.
But as the defendants by their own act prevented the law of
the place from operating on the contract, on what principle
can they claim the benefit of that law which they have aban-
doned and renounced? It is the law of New York and of
all other civilized states that a debtor shall not, by his own
voluntary, unauthorized act, defeat the claims of his cred-
itors. It is no answer to this to say that the parties must
have contracted in contemplation of the possibility of such a
state of things and should therefore have provided against it.
Parties may contract in reference to a foreign law, or they
may agree that the law of their residence shall accompany
them wherever they may go; but no system of jurisprudence
would adopt it as a rule for the interpretation of contracts, in
the absence of all stipulations on the subject, that the par-
ties, at the time of making a contract in a place of which
they were citizens, had in contemplation the possibility of
their becoming residents of another country. Parties may
be supposed to contract in reference to what may transpire or
what may take under the laws of the country to which they

are subject, but they can never be supposed to have in mind a state of things inimical to the interests of the state of which they are members.

The case of Dennett v. Chick, 2 Greenl. 191, is a stronger one than that under consideration. There Chick, one of two joint debtors in a promissory note, was sued in the state of Maine. The other joint debtor, Ham, not being found in that state and having no domicil there, no service was made on him. The defendant Chick appeared and pleaded in bar a judgment recovered in an action on the same note in the state of New Hampshire against Ham, Chick having no domicil or property in that state. A writ of execution was issued on the judgment and returned unsatisfied. To this plea there was a demurrer and the demurrer was sustained. The case of Condee & Scribner v. Clark & Brown, 2 Mich. 255, is unlike that before us. We understand that in this case the state of Michigan gave the law of the contract. The merger was caused by a recovery in the state of Ohio against one of the parties. Afterwards suit was brought against both of them in the state of Michigan. If this case decides that, under the circumstances, no action could be maintained on the note against either of the parties, it is opposed to the above cited case from Greenleaf. But if it only intended to maintain that a recovery could not be had in the action as brought, on the ground of variance between the declaration and evidence, (both parties being sued when the cause of action was merged as to one of them,) we have nothing to say against it, as, by the common law, it was clear that the action could not be maintained. In that case, too, it appears that the joint debtors were residents of the state of Michigan, and that at the time of the commencement of the action in the state of Ohio against Brown, one of the joint debtors, he was a citizen of the state of Michigan. So in fact the joint debtors by their act had not compelled the creditors to sue in the state of Ohio, and the suit was voluntary on their part, not induced by the conduct of the debtors.

Our statute by making all joint contracts joint or several and allowing a suit against one or more of the joint debtors, has altered the doctrine of the common law in relation to actions on joint demands.

The other judges concur; affirmed. *

28   293
103   399
28   293
157   421
28    293
172  1  20

---

* A motion for a rehearing was filed in behalf of the plaintiffs in error in this case; it was overruled.