SHEEHAN & LOLER TRANSPORTATION COMPANY, Respondent, v. J. T. SIMS, Appellant.

St. Louis Court of Appeals, November 22, 1887.

1.  PRACTICE—JURISDICTION.—The objection that jurisdiction has been improperly exercised does not raise a jurisdictional question.

2.  ——— INSUFFICIENT PETITION—RECORD—BILLS OF EXCEPTIONS. The question as to whether the petition states a cause of action, being one which may be raised on the record proper, may be raised for the first time on appeal, and need not be saved for review by a bill of exceptions.

3. ———— JUDGMENTS—ACTIONS THEREON—PARTIES.—An action may be maintained on a domestic judgment, even within the time when it is enforceable on execution, but the liability of the judgment defendants being joint, they must all be made parties defendant.

4. ———— JOINT AND SEVERAL CONTRACTS.—A judgment is not a contract within the meaning of the statutory provision that all contracts which, at common law, are joint only shall be construed to be joint and several.

APPEAL from the St. Louis Circuit Court, JAMES A. SEDDON, Judge.

*Reversed and remanded.*

THOMAS G. ALLEN and GEORGE E. SMITH, for the appellant: A judgment is not a contract within the meaning of the statute which makes all contracts several. *Rea v. Hurlbert,* 17 Ill. 572 ; *Wyman v. Mitchell,* 1 Cow. 321 ; *Todd v. Crumb,* 5 McLean, 172 ; *Smith v. Harrison,* 33 Ala. 706 ; *Burnes v. Simpson,* 9 Kan. 658. And all the judgment defendants must be made parties. *Simpson v. Watson,* 15 Mo. App. 425 ; *Pratt v. Dow,* 56 Me. 81 ; *Christey v. Tancred,* 9 Mees. & W. 438.

SMITH & HARRISON, for the respondent: A judgment is a record contract. *Evans v. Fisher,* 26 Mo. App. 544 ; 2 Black. Com. 464–5 ; 2 Chitty Pl. 176 ; 1 Chitty Cont. 87 ; *Headly v. Roby,* 6 Ohio, 521, 523 ; *Shelburn v. Eldridge,* 10 Vt. 123. A judgment is a contract, or, perhaps, more accurately speaking, a contract arises out of the judgment by operation of law, where the defendant is competent to contract ; and an action at law, for the sum found due by such judgment, is based upon such contract. *Stuart v. Lander,* 16 Cal. 372 ; *Cocks v. Bernhardt,* 11 M. & W. 51 ; *Pennington v. Gibson,* 16 How. [57 U. S.] 65, and cases there cited ; *Lawrence v. Martin,* 22 Cal. 174 ; 1 Estes' Pleading, sect. 785, and cases there cited ; *Burnes v. Simpson,* 9 Kansas, 658 ; *Thompson v. Jameson,* 1 Cranch. 282 ; *Johnson v. Butler,* 2 Iowa, 535 ; *Taylor v. Root,* 4

Keyes, 335; *McDonald v. Butler*, 3 Mich. 558; Freeman on Judgments [3 Ed.] sect. 217.

ROMBAUER, J., delivered the opinion of the court.

The plaintiff's petition was filed December 15, 1886, and states the cause of action as follows:

"That, on the eighteenth day of March, 1881, at the city of St. Louis, and state of Missouri, in the circuit court of said city of St. Louis, said court being a court of general jurisdiction, the plaintiff recovered a judgment which was duly given by such court against the defendant and one Thomas Rogers, for the sum of eighteen hundred and eight dollars and thirty-one cents. and also its costs amounting to the sum of $69.40; that no part of said judgment or costs have been paid, but the whole thereof now remains due and owing to the said plaintiff. Wherefore, the plaintiff asks judgment," etc.

The defendant demurred, stating as grounds, "That the cause of action pleaded is joint and not several, and the defendant ought not to be sued alone thereon; and that there is a defect of parties defendant in that one Thomas Rogers is not sued herein. Wherefore," etc.

The demurrer was overruled by the court, and the defendant refusing to plead further judgment was rendered against him for $1,175.84.

The errors assigned are, that the court had no jurisdiction of the subject-matter of the suit; that the petition states no cause of action, and that there is a defect. of parties defendant. Wherefore, the demurrer was improperly overruled.

The first point made may be laid out of view with the observation that the appellant confounds the question of jurisdiction with the erroneous exercise of it. The court clearly had jurisdiction touching the subject-matter of the suit, which was, in the first instance, the question whether a suit was maintainable on a domestic judgment during the period in which it was enforceable by execution. If its determination of this question was

erroneous the error could be corrected only upon review of its proceedings in some manner provided by law.

The second point, namely, that the petition states no cause of action, arises upon the record itself, and is not waived. Rev. Stat., sect. 3519; *Bateson v. Clark*, 37 Mo. 31; *The State ex rel. v. Griffith*, 63 Mo. 548. The question thus is properly before us, whether a person may maintain an independent action on a domestic judgment against a judgment defendant within the time that such judgment is enforceable by execution. We have intimated in *Monks v. Strange* (25 Mo. App. 12), that such may be done, and see no reason to change our views. Such is unquestionably the rule at common law (2 Chitty Plead. 176), and in states of the union whose statutes, as to enforcing judgments by execution, are similar to ours. *Headly v. Kirby*, 6 Ohio, 521; *Stewart v. Landers*, 16 Cal. 372; *Taylor v. Root*, 4 Keyes, 235; *McDonald v. Butler*, 3 Mich. 558; *Burnes v. Simpson*, 9 Kan. 658. There is, nothing in our statutes which, either expressly or by implication, prohibits such an action. The vexatious and oppressive exercise of the right can be prevented by the court at any time, since, under the liberal provisions of our code, a defendant in an action at law may set up an equitable defence, and invoke equitable relief.

A question of greater nicety is raised by the defendant's last point, namely, that the obligation in this case, being a judgment against two, was joint, and that the non-joinder of Rogers as a defendant was fatal on demurrer.

Our statute provides: "All contracts which, by the common law, are joint only, shall be construed to be joint and several." The respondent contends that a judgment is a contract, and, therefore, within the provisions of the statute, while the appellant maintains that the question is not whether a judgment is a contract, but whether it is a contract within the meaning of the term as used in that section. The point for decision is the one raised by the defendant. The fact that a

judgment is a contract in one sense, does not necessarily make it a contract within the meaning of the statute. Thus, it was decided in *Rea v. Hurlbert* (17 Ill. 572) that it was not a contract within the meaning of the statute of setoffs; in *Todd v. Crumb* (5 McLean, 172) that it was not a contract within the meaning of that term in a statute of limitations; in *Smith v. Harrison* (33 Ala. 706) that it was not a contract within the meaning of the term in a statute referring to contracts, express or implied, for the payment of money; in *Burnes v. Simpson* (9 Kan. 658) that the word contract may or may not include judgments when used in a statute of limitations. None of these cases deny the proposition that a judgment is a contract in one sense of the term.

The statute making contracts, joint at common law, several in this state, has been in force since 1835 at least. It is found in the revision of that year, and has been retained without alteration ever since. The courts have repeatedly decided thereafter that a judgment was an entire thing, and either valid or void as to all, where there are several defendants. *Rush v. Rush*, 19 Mo. 441 ; *Covenant Mutual Ins. Co. v. Clover*, 36 Mo. 392. And while subsequent decisions have modified the rigor of the rule in cases where the validity of a judgment was drawn in question in collateral proceedings (*Lenox v. Clarke*, 52 Mo. 117), or where the judgment itself is the subject of review on error or appeal (*Crispen v. Hannovan*, 86 Mo. 168; *Hunt v. Railroad*, 89 Mo. 609), there is no case which denies the general proposition asserted in earlier cases. Not one case can be found that proceeds on the theory that a judgment is a several contract by virtue of the statute. The later cases above cited merely give effect to certain provisions of the statute of jeofails, and the statutory powers conferred upon appellate courts to render independent judgments of their own.

Other provisions in our statutes touching the enforcement of judgments by execution, their renewal by

*scire facias*, their review upon writ of error, all point to the conclusion that the legislature intended to preserve, in all proceedings upon judgments, their identity as an entire thing. As those provisions are cotemporaneous with the statute under consideration, the inference necessarily arises that it was not the intention of the legislature to include in the word "*contracts*," as used in the statute touching contracts and promises, "*judgments*," although judgments are contracts in one sense.

The plaintiff in an action upon a judgment at common law must recover against all of the defendants or none. Whatever constitutes a good defence for one of the defendants operates for the benefit of the others, because the obligation is joint. Freeman on Judgments, sect. 439; *Pratt v. Dow*, 56 Me. 81.

It results that Rogers was a necessary party to the action, and the court erred in overruling the demurrer of Sims for defect of parties.

The judgment is reversed and the cause remanded. All the judges concur.