M. WOLFF, Appellant, v. J. W. COFFIN, Respondent.

### Kansas City Court of Appeals, June 8, 1891.

Justices' Courts: NOTICE OF APPEAL : DUTY OF COURT. When the
appeal from the judgment of the justice is taken on a day subse-
quent to its rendition, and no notice thereof was given ten days
before the second term of the appellate court thereafter, then the
judgment of the justice shall be affirmed at the election of the
appellee. In the absence of such notice and the appearance of
the appellee the circuit court has no jurisdiction to enter any other
judgment than that of affirmance or dismissal of the appeal.

*Appeal from the Jackson Circuit Court.*—HON. JAMES
GIBSON, Judge.

REVERSED AND REMANDED (*with directions*).

*F. V. Kander*, for appellant.

(1) "If the appeal be not allowed on the same
day on which the judgment is rendered, the appellant
shall serve the appellee, at least ten days before the
first day of the term at which the cause is to be deter-
mined, with a notice in writing, stating the fact that an
appeal has been taken from the judgment therein speci-
fied." R. S. 1889, sec. 6342 ; R. S. 1879, sec. 3055. (2)
The duty to affirm in such case is not discretionary,
but mandatory on the court. The question of the suf-
ficiency of the statement filed in the justice's court cannot
be inquired into. And the court can render no other or
different judgment ; it must affirm the judgment of the
justice or dismiss the appeal. *Cooksey v. Railroad*, 17
Mo. App. 132, 138, 139 ; *Davis v. Schields*, 14 Mo. App.
397 ; *Horton v. Railroad*, 26 Mo. App. 349–358 ; *Hollo-
man v. Railroad*, 92 Mo. 284.

*Robinson, O'Grady & Harkless*, for respondent.

( 1 ) The statement filed before the justice did not constitute a cause of action. *Brashears v. Strock*, 46 Mo. 231 ; *Butts v. Phelps*, 79 Mo. 302; *Swartz v. Nicholson*, 56 Mo. 508 ; *Rosenberg v. Boyd*, 14 Mo. App. 429 ; *Wiese v. Brown*, 29 Mo. App. 521 ; *Nutter v. Houston*, 42 Mo. 451. ( 2 ) Statements before justice of the peace must advise the opposite party of the nature of the claim, and be sufficiently specific to be a bar to another action. *Butts v. Phelps*, 79 Mo. 302 ; *Hill v. Ore & Steel Co.*, 90 Mo. 106. If the statement did not constitute a cause of action, then there was no valid judgment to affirm in the circuit court, and the court did not err in setting aside the judgment of affirmance of the justice of the peace, and giving the plaintiff until the October term, 1889, to amend his statement. *Hill v. Ore & Steel Co.*, 90 Mo. 103. The plaintiff having declined to amend his statement, the court did not err in dismissing the case.

GILL, J.—This was an action instituted before a justice of the peace. The cause was regularly tried on the evidence before the justice on December 17, 1888, and judgment rendered for plaintiff. On December 27, 1888, the defendants—respondents here—took their appeal to the circuit court. On May 16, 1889, the plaintiff filed his motion in the circuit court to affirm the judgment of the justice, for the reason that " this the April term, 1889, of the circuit is the second term of said court since the said appeal was taken, and that no notice of said appeal was, or has been, given to the plaintiff, and that said appeal was taken after the day on which said judgment was rendered by said justice, and that the plaintiff, appellee, has not entered his appearance in the said circuit court." Which motion to affirm the judgment of the justice was by the circuit court on the first day of June, 1889, sustained. On

June 29, 1889, the defendants, appellants, appearing for the first time in the circuit court since their appeal, filed their motion to set aside the affirmance of the judgment of the justice by the circuit court for the reason, as in said defendant's motion alleged, "that the statement filed before the said justice does not constitute a cause of action, and the said judgment so rendered is void." Which last motion, to set aside the affirmance of the judgment of the justice by the circuit court, was by said court sustained, and the court of its own motion granted leave to the plaintiff to amend his statement on or before the third day of October term, 1889, of the said court. The plaintiff had entered no appearance, and was not present in the circuit court. On July 13, 1889, plaintiff appeared specially for the purpose, and for that purpose only, and declined to amend his statement and excepted to the order of the court setting aside the affirmance of the judgment of the justice, and on October 15, 1889, again filed his motion asking the court to affirm the judgment of the justice setting out in said motion the same grounds as in his first motion to affirm said judgment, which motion was by the court overruled and duly excepted to. And afterwards on the twenty-fourth day of November, 1890, the cause being called for trial by the court, the plaintiff having heretofore refused to amend his statement, and refused to enter his appearance preferring to stand on his rights, the court dismissed the said cause for want of prosecution. Thereupon, after an ineffectual motion for new trial, plaintiff prosecutes this appeal.

I. The rulings of the lower court were manifestly erroneous. The appeal from the justice was on a day subsequent to the rendition of the judgment. This being so, the appellant should have given the appellee written notice, not later than ten days before the second term of the appellate court after the appeal was taken; and, if the appellant failed so to do, then the judgment of the justice "*shall be affirmed*," if the appellee so

elect. R. S. 1889, secs. 6342, 6344. The duty to affirm the judgment under such circumstances is mandatory on the circuit court. It has no discretion but to enforce the statute. In the absence of such notice, and the appellee's failure or refusal to enter his appearance to the cause in the appellate court, the circuit court has no jurisdiction to enter any other judgment than that of affirmance or dismissal of appeal at the option of the appellee. Nor can the appellant have any adjudication in the circuit court as to the sufficiency of the statement filed with the justice, unless he duly prosecutes his appeal, and by the notice brings the appellee into the appellate court. The cases following settle this controversy beyond all question : *Cooksey v. Railroad*, 17 Mo. App. 132, and authorities cited ; *Horton v. Railroad*, 26 Mo. App. 349-358 ; *Holloman v. Railroad*, 92 Mo. 284.

The judgment of the circuit court is reversed, and the cause remanded with directions to set aside the order of dismissal and enter a judgment affirming that of the justice of the peace. All concur.

