F. L. Horn *et al.*, Appellants, v. The Excelsior Springs Company, Respondent.

Kansas City Court of Appeals, January 30, 1893.

1. **Practice Trial:** MOTION IN ARREST: MOTION FOR NEW TRIAL: EFFECT: APPEAL. Judgment went against defendant who moved in arrest, and the judgment was arrested and he discharged. Plaintiff excepted and filed his motion to set aside the judgment and for a new trial, on which no action was taken until the next term, it being carried over without an order of continuance. It was overruled and plaintiff appealed. *Held,* whether a motion for a new trial is a necessary prerequisite to an appeal in such case or not, the appeal was taken in time, and the effect of the motion was to hold the judgment in suspense and to carry the cause over to the succeeding term.

Horn v. The Excelsior Springs Co.

2. ———: CONTINUANCE. A cause or motion undisposed of goes to the succeeding term, though no formal order of continuance is entered.

3. ———: AFFIRMING JUSTICE'S JUDGMENT: INSUFFICIENT STATEMENT. Plaintiff had judgment before the justice, and, on the same day and more than ten days before the next term of the circuit court, defendant appealed. At said term he failed to appear and prosecute his appeal, whereupon, on plaintiff's motion, the circuit court affirmed the judgment of the justice. Within four days defendant filed his motion in arrest on the ground that the statement did not state a cause of action, which was sustained. *Held*, error, since being in default the defendant cannot question the regularity or sufficiency of the proceeding visiting the statutory penalty upon him.

4. ———: ———: APPEAL. Where the appeal from the justice's judgment is taken on the day of trial which is more than ten days before the next succeeding term of the circuit court, and the appellant fails to prosecute his appeal, the judgment should be affirmed.

*Appeal from the Jackson Circuit Court.*—HON. J. H. SLOVER, Judge.

REVERSED AND REMANDED *(with directions).*

*O. A. Lucas* and *Stocking & Alexander,* for appellants.

(1) Appellants have followed the proper practice to have the action of the circuit court reviewed. *Bank v. Armstrong,* 92 Mo. 265; *Wolff v. Coffin,* 46 Mo. App. 190. The case was triable at the October term, 1891, of the circuit court, the appeal having been taken upon the day when the justice's judgment was rendered, and more than ten days before the said term began. Revised Statutes, 1889, sec. 6341. The defendant failing to appear to prosecute its appeal, it was the duty of the court to affirm the judgment of the justice, under the express commands of the statute. Revised Statutes, 1889, sec. 2930; *Holloman v. Railroad,* 92 Mo. 284; *Martin v. White,* 11 Mo. 214; *Starr v. Stewart,* 18 Mo. 410; *Milligan v. Dunn,* 19 Mo. 643.

*Karnes, Holmes & Krauthoff,* for respondent.

(1) Every appeal must be taken during the term at which the judgment or decision appealed from was rendered. Revised Statutes, 1889, sec. 2248. And, if not so taken, the appeal will be dismissed. *State ex rel. v. Keuchler,* 83 Mo. 193, and cases cited. (2) Motion for new trial was wholly superfluous and unnecessary and without any legal force or effect. The action of the circuit court in overruling motions is reviewed by the appellate court in the absence of a motion for new trial. *Parker v. Waugh,* 34 Mo. 340, 343; *Parker v. Railroad,* 44 Mo. 419; *Bowie. v. Kansas City,* 51 Mo. 454, 458; *Frazer v. Roberts,* 32 Mo. 457; *O'Connor v. Koch,* 56 Mo. 253, 262; *Butler v. Lawson,* 72 Mo. 227; *Todd v. Railroad,* 33 Mo. App. 110, 114. Where a petition fails to state a cause of action, no motion for new trial is required to preserve the action of the court in rendering judgment thereon. *Bagby v. Emerson,* 79 Mo. 139; *State to use v. Matson,* 38 Mo. 549; *Hart v. Wire Co.,* 91 Mo. 414. (3) The cases cited by appellants are not applicable to the case at bar. *Bank v. Armstrong,* 92 Mo. 265.

ELLISON, J.—This action was begun before a justice of the peace before whom plaintiff obtained judgment. Thereupon, defendant, on the same day, and more than ten days before the succeeding term of the circuit court, appealed the case to such court. At the said succeeding term of the circuit court the defendant failed to appear and prosecute his appeal; whereupon, on motion of the plaintiff, the circuit court affirmed the judgment of the justice. Within four days thereafter defendant appeared in the circuit court and filed his motion in arrest of judgment on the ground that the plaintiff's statement did not state a

cause of action.   This motion was sustained, and the plaintiff, refusing to participate further in the cause, final judgment was rendered against him and discharging defendant.   To this action of the court, in sustaining the motion in arrest and in rendering judgment against him, plaintiff excepted, and on the same day filed his motion to set aside the judgment and for a new trial.   No action was taken by the court on this motion until the next term, it being carried over, so far as appears, without any order of continuance being entered.   At the said next term the motion was overruled, and plaintiff, thereupon, perfected his appeal to this court.

It is now insisted by defendant that plaintiff is not properly in this court, since, as is contended, he did not appeal the cause at the term in which the judgment was rendered against him.   It is conceded that an appeal may be taken at the term in which the motion for new trial is disposed of, notwithstanding it be a term subsequent to the trial.   But the point made is that, in this case, no motion for new trial was necessary to enable plaintiff to appeal the cause.   That, as it was not necessary or warranted by the statute, its finding did not have the effect, as ordinarily, to carry the cause over to the succeeding term when it was acted upon.

We have not been cited to any case bearing directly on the question whether a motion for new trial in cases like the one before us is a necessary step towards an appeal; though we have had several cases pointed out, which bear more or less analogy to the question, in which it is said such motions were not necessary.   Upon the other hand, plaintiff cites us to two cases substantially like the one at bar, in which motions for new trial were made and overruled, though the point was not urged or decided.   *Iron Mountain Bank v. Armstrong*, 92 Mo. 265; *Wolff v. Coffin*, 46 Mo. App. 190.

In view of our conclusion as to the point made, it will not be necessary to decide whether a motion for new trial in such cases is a necessary prerequisite to an appeal. Our opinion being that, whether it is or not, if such motion is filed, it becomes a part of the cause, to an extent, sufficient to hold the judgment in suspense until it be determined, and thus to carry the cause with it to a succeeding term. It being a paper in the cause filed within the time allowed by law and upon which the court had jurisdiction to act; and which, in the orderly administration of justice, should be determined before the cause is finally disposed of, we must conclude that it carried the cause with it to the succeeding term.

II. The suggestion was made that there was no order of continuance on either the case or the motion. But the omission of the entry of such order would not have the effect to destroy the court's jurisdiction to act on the motion at the succeeding term. A cause undisposed of will go to the succeeding term, though no formal order of continuance is entered.

III. The remaining question goes to the merit of plaintiff's appeal to this court. It will be borne in mind that the trial court sustained the motion in arrest of its judgment, affirming the judgment of the justice on the ground that plaintiff's statement or complaint filed with the justice was insufficient to entitle him to recover. If plaintiff was legally entitled to have the judgment of the justice affirmed on account of the neglect or failure of the defendant to prosecute its appeal as required by law, as well as by its appeal bond, then it was error to set aside such affirmance on account of the insufficiency of the statement before the justice. This we decided in *Wolff v. Coffin*, 46 Mo. App. 190. If an appellant from a justice of the peace can lie by, in disobedience of the statute and the

obligation of his bond, and yet, after the statutory penalty is visited upon him for such neglect, come into court and have the regularity or sufficiency of the proceeding (not jurisdictional) adjudicated, he thwarts the statute, and in many cases would obtain the same relief as if he had been diligent. He is asserting rights only allowed to those who prosecute their appeal.

IV. Was plaintiff entitled to have the judgment affirmed? The case was appealed from the justice by defendant on the day judgment was rendered, which was more than ten days before the next succeeding term of the circuit court. This made the cause triable at that term. Revised Statutes, 1889, sec. 6341. If the appealing defendant refuses to appear and prosecute his appeal at such term, the judgment must be affirmed under section 2930 of the same statute. This was expressly decided in *Holloman v. Railroad*, 92 Mo. 284, and *Davis v. Miller*, 35 Mo. App. 253. In the former case, decisions expressing a different view were overruled.

The judgment will be reversed and the cause remanded, with directions that the judgment affirming the judgment of the justice be reinstated and remain in force. All concur.