McElroy v. Ford.

I. S. McELROY, Appellant, v. JAMES L. FORD, Respondent.

St. Louis Court of Appeals, November 14, 1899.

1. **Action on Judgment:** INVOLUNTARY NONSUIT: MOTION TO SET SAME ASIDE: BILL OF EXCEPTIONS. When a party takes an involuntary nonsuit, and moves to set same aside, which motion though not acted upon or continued by order of court to next term, is yet pending, and is in effect a motion for a new trial, it suspends the judgment until acted upon after which a bill of exceptions may be allowed and signed.

2. ———: JUDGMENT: LIMITATION OF ACTION: NEW STATUTE A new statute shortening the time within which an action may be brought on an existing judgment, when the time within which it might have been brought under a former statute had not yet run, but which by the new statute was barred at the time of its passage, is not available as a defense.

3. ———: ———: JOINT AND SEVERAL: ERRONEOUS RULING. A judgment rendered in Kentucky, on a note joint and several, and a suit instituted in this state for a part of such judgment might be instituted against one or both such joint obligors, and the holding of the trial court, that both obligors must be sued, was erroneous.

4. ———: ———: JUDGMENT: NEW CAUSE OF ACTION. A valid judgment constitutes a new cause of action, though it does not create a new liability, and when founded on a joint and several contract does not merge the contract into a joint one, but follows the original. A judgment is a contract within the meaning of the statutory provisions of this state, that all contracts which by the common law are joint only, shall be construed to be joint and several. (Overruling Sheehan, etc., Co. v. Sims, 28 Mo. App. 64.)

5. ———: ———: ———: PARTIES: INSTRUCTIONS. An instruction for nonsuit, which ignores the proof in support of a reply, alleging that one of the judgment defendants was at the time of the institution of the suit a non-resident of the state, is erroneous, for even when the common low prevails as to the nature and effect of joint contracts, a suit may be brought on a joint undertaking against the obligors who are residents of the state without joining others of the obligors, non-residents and beyond the jurisdiction of the court.

Appeal from the City of St. Louis Circuit Court.—*Hon. William Zachritz*, Judge.

REVERSED AND REMANDED.

*W. F. Carter* and *J. K. Hansbrough* for appellant.

(1) Our present statute of limitations, set up by respondent as a bar (Sess. Acts 1895, p. 221), is of no validity as to this cause of action, and, no bar to the prosecution of this suit. Cranor v. School Dist., 52 S. W. Rep. 232. (2) The main question and, in fact, the only question, urged by respondent, and considered by the court below, was whether or not Withrow was a necessary party defendant. The circuit court held that he was and on that holding alone nonsuited appellant. All the testimony introduced as to the laws of Kentucky on this point, contained in the depositions of Col. Breckinridge and Judge Morton, is to the effect that the judgment is a joint and several obligation. Hence, the court erred in declaring, as the law, that, upon the pleadings and evidence, plaintiff was not entitled to recover. Under sections 1995, 2384 and 2387, R. S. 1889, respondent is suable alone here, whether the judgment is a joint, or joint and several obligation. Crecilius v. Bierman, 72 Mo. App. 355; Type Foundry Co. v. Jackson, 128 Mo. 119; Bank v. Winslow, 30 Fed. Rep. 488. (4) Since respondent is a resident of this state, and Withrow a non-resident, and, without the jurisdiction of her courts, respondent is suable here alone, whether the judgment is a joint and several, or only a joint obligation; and this without any reference to our statutory provisions. Joint debtors residing in different states, may be sued separately. 1 Estee's on Pldgs. [4 Ed.], sec. 176, p. 138, Brown v. Birdsall, 29 Barb. (N. Y.) 549. Part of joint debtors may be sued, when others are without the jurisdiction of the court. Rand v. Nutter, 56 Maine, 339; Tappan v. Bruen, 5 Mass. 193; Cox v. Maddux, 72 Ind. 206; Merriam

v. Barker, 121 Ind. 80; Burt v. Stevens, 22 N. H. 231.   The rule is well established, that, when one of several joint contractors is without the state, so that no service can be made upon him, judgment may be recovered against such of them as are found within the jurisdiction.   Yoho v. McGovern, 42 Ohio, 17; Larison v. Hager, 44 Fed. Rep. 49; Wiley v. Holmes, 28 Mo. 286.

*Lyne S. Metcalfe, Jr.,* and *L. N. Buck* for respondent.

(1)   The exceptions were not filed at the term of the court when taken.   A motion to set aside a nonsuit, not continued to succeeding term, does not extend the time for filing.  There is no bill of exceptions in this case, and no error outside the record proper can be considered.   R. S. 1889, sec. 2168; Cranor v. School District, 18 Mo. App. 397; Connelly v. Leslie, 28 Mo. App. 551.   (2)   By the law of Kentucky, a general judgment against two or more is an entirety and joint, irrespective of the character of the obligation on which the judgment was rendered, and in a suit on such judgment all the judgment debtors must be made defendants.   9 Hen. Stat. (Va.) 127; Lathrop v. Bank, 8 Dana (Ky.) 121; Joyce v. Hamilton, 10 Bush (Ky.) 547.   (3)   The common law is the same, viz.:   A general judgment against two or more is an entirety and joint, irrespective of the character of the obligation on which the judgment was rendered, and in a suit on such judgment all the judgment debtors must be made defendants.   This is the law in Missouri.   It is the law wherever the common law, unchanged by statute, prevails.   Missouri has never changed this law by statute or decision.  Transportation Co. v. Sims, 28 Mo. App. 64; Platt v. Dow, 56 Me. 81; Freeman on Judg. [4 Ed.], sec. 439.   A judgment against two is an entire thing and joint.   Smith's Adm'r v. Rollins, 25 Mo. 408; Rush v. Rush, 19 Mo. 441; Ins. Co. v. Clover, 36 Mo. 392; Pomeroy v. Betts, 31 Mo.

409; Holbrook v. Murray, 5 Wend. 161; Richard v. Walton, 12 Johns. 434. A judgment is not a contract within the meaning of statutes concerning contracts. Bank v. Dallan, 4 Dana (Ky.) 574; Masterson v. Gibson, 56 Ala. 56; Miller v. White, 50 N. Y. 137; Todd v. Crumb, 5 McLean, 172. All the judgment debtors must be made defendants. Mc-Kay v. Gordon, 34 N. J. (Law) 286; Mason v. Eldred, 6 Wall. (U. S.) 231; Simpson v. Watson, 15 Mo. App. 425.

BOND, J.—Plaintiff sues for an unpaid balance of a judgment recovered by him against defendant and one C. H. Withrow, upon a note executed in their firm name for a co-partnership indebtedness, which judgment was rendered by a court of general jurisdiction in the state of Kentucky on the thirtieth of June, 1880. Said C. H. Withrow was not made a party defendant, the petition alleging that under the laws of Kentucky the judgment in question was a joint and several obligation against the defendants therein. The answer was a general denial, a plea of non-joinder of Withrow in abatement of the action, and a further plea of the statutes of this state limiting suits on foreign and domestic judgments to a period of ten years. The reply took issue and also set up that said Withrow was a non-resident of this state. The cause was submitted to the court without a jury. The sufficiency of the proof as to all the allegations of the petition, except the one as to the effect of the Kentucky laws upon the judgment sued upon, was conceded. On this point plaintiff introduced two witnesses, who testified that in Kentucky all firm obligations or contracts were held to be joint and several so much so that a note signed in the name of a firm would acquire no greater obligation against the different members thereof if signed by each of them individually, the reason being that the firm signature of itself imposed a several liability upon each of the partners. At the close of plaintiff's case defendant offered an instruction in the nature of a de-

murrer to the evidence, which the court gave, whereupon plaintiff was permitted to take a nonsuit with leave to move to set the same aside.    Within four days he filed such motion which was overruled by the court at its next term.    Plaintiff excepted to such ruling, and took an appeal to this court.

(1)    Before discussing the vital questions presented by the appeal, it is proper to dispose of a suggestion in the brief of respondent that there is no valid bill of exceptions in this case.    In support of this theory attention is called to the fact that the motion to set aside the involuntary nonsuit though filed within four days after the adverse ruling of the court upon the pleadings and the evidence adduced on the trial, was not formally continued to the next term at which time it was overruled and when the bill of exceptions was signed and allowed.    Conceding this to be the fact, no such legal consequence results therefrom as is contended for by respondent. The motion to set aside the nonsuit was essentially a motion for a new trial.    There had been one trial of the issues between the parties and a decision thereupon that plaintiff could not recover.    To reverse this ruling and to obtain a new trial plaintiff filed the motion in question.    Had it succeeded all the incidents of the former investigation would have been obliterated and the cause would have stood for trial as if a new suit had been filed to which answer had been made. West v. McMullen, 112 Mo. loc. cit. 409.    The necessary effect of the motion to set aside the enforced nonsuit was to suspend the judgment of the court until the motion was disposed of.    The jurisdiction of the court to act on this motion at a succeeding term was not impaired by the omission of the record to show a specific order continuing the motion.    It has been correctly held by the Kansas City Court of Appeals, Horn v. Excelsior Springs Co., 52 Mo. App. 548, that a motion for new trial filed at one term and disposed of at the next term carried the case over, although there was no entry on the record of an order continuing such motion, and that an appeal

taken at the latter term was in time. It follows that there is no merit in the suggestion that the bill of exceptions in this case duly filed at the term when the motion to set aside the nonsuit was overruled, was out of time.

(2) The only theory upon which the ruling of the trial court can be sustained is that the nonjoinder of Withrow, the codefendant to the judgment in suit, abated this action. For the other defense of the statute of limitations of ten years for suits upon judgments is not available, in view of the fact that the judgment sued on was not barred by the statute of limitations of twenty years in force when the present statute was adopted. Acts of 1895, p. 221; Cranor v. School Dist. No. 2, 52 S. W. Rep. 232. The question therefore is, first, was the Kentucky judgment a joint obligation only against the defendants therein? The testimony of the two legal experts establishes that the note upon which the judgment in suit was founded was in the fullest sense of the term a several, as well as a joint obligation on the part of the two persons (defendant and Withrow) composing the firm which signed the instrument. It follows that the judgment rendered on that note was likewise a joint and several indebtedness on the part of the defendants therein, Joyce v. Hamilton, 10 Bush. (Ky.) 544. In which case it is distinctly held that a judgment based on the several liability of two defendants is not void as to one because invalid as to another, a doctrine in consonance with reason, and according to Mr. Freeman now supported by the great weight of authority. Freeman on Judg. [4 Ed.], sec. 136, and which is the established law in this state. State ex rel. Ozark County v. Tate, 109 Mo. 265; Neenan v. City of St. Joseph, 126 Mo. 89. For this reason the trial court should have refused the instruction in the nature of a demurrer to the evidence requested by defendant.

(3) The next point urged by appellant is that the judgment sued upon imported a several liability against defendant by virtue of the terms of sections 1995, 2387 and

2384, Revised Statutes of Missouri 1889. These sections are, to wit:

Sec. 1995: "Every person who shall have a cause of action against several persons, including parties to bills of exchange and promissory notes, and who shall be entitled by law to one satisfaction therefor, may bring suit thereon jointly against all or as many of the persons liable as he may think proper; and he may, at his option, join any executor or administrator or other person liable in a representative character, with others originally liable."

Sec. 2387. "In all cases of joint obligations and joint assumptions of copartners or others, suits may be brought and prosecuted against any one or more of those who are so liable."

Sec. 2384. "All contracts which, by the common law, are joint only, shall be construed to be joint and several."

To determine the applicability of the first above section to the judgment herein sued upon it is only necessary to inquire first, did it constitute a cause of action against the two defendants therein; second, is the owner entitled to one satisfaction? These questions are answered in the asking. Every valid judgment is not only the culmination of a cause of action, but of itself furnishes a new cause of action against the defendants therein in lieu of the one extinguished by it. Cooksey v. Railroad, 74 Mo. 477; Freeman on Judg., sec. 215. The owner of a judgment against two persons for an unapportioned sum of money is only "entitled by law to one satisfaction therefor." These propositions are too plain for a resort to demonstration; they are self-evident truths based upon elementary principles of law.

To determine the applicability of the second section above quoted to the judgment under consideration, it is only necessary to decide whether or not it is a joint obligation and joint assumption on the part of the two defendants therein. It was based upon a note jointly executed by them for a partnership debt. The reduction of this note to a judgment did

not create a new liability or contract, but ascertained the legal rights of the parties to the contract sued on—(the note)—and found that defendants had committed a breach of that contract, and assessed the damages therefor. The obligation of the defendants was not changed, but adjudicated. The judgment did not consolidate the obligation, which was joint and several, into a joint obligation only, but followed the original contract, and must be held to be a joint and several judgment because founded on a joint and several promissory note.

The remaining section above quoted was enacted to abolish the common law governing the liability of the obligors on purely joint contracts. The judgment in suit was a record contract and fairly embraced within the terms of this section. It is true a different ruling was made in Sheehan & Loler Transp. Co. v. Sims, 28 Mo. App. 64. That decision is not however satisfactory. It was not based upon an examination of all of the above sections, but the view of the writer was restricted solely to the last of the above quoted sections, and his conclusion seems to have been rested chiefly upon the doctrine of the entirety of judgments declared in some of the earlier cases in this state, which cases have been materially modified, if not entirely repudiated in State ex rel. Ozark County v. Tate, 109 Mo. 265, and Neenan v. City of St. Joseph, 126 Mo. 89, *supra*. The decision is directly opposed to the able judgment of Judge Thayer, Belleville Savings Bank v. Winslow, 30 Fed. Rep. 488, wherein it is distinctly held that a judgment is a contract in the sense of that term as used in the section of the statute under consideration. It is not in harmony with the principle decided by this court in Crecelius v. Bierman, 72 Mo. App. 335, where we held that a judgment against a man and his wife being one for which they were severally liable, could be set off against one in favor of the husband. Neither is it consistent with the views expressed by the supreme court, as to the nature of a contract evidenced

by a judgment, in St. Louis Type Foundry v. Jackson, 128 Mo. loc. cit. 124. The argument upon which the ruling in Sheehan & Loler Transp. Co. v. Sims, *supra*, is rested being thus sapped and undermined by a consideration of all the statutes appertaining to the subject, as well as by the decisions referred to, we do not regard it as a safe precedent for future guidance.

(4) Another reason given by appellant for the reversal of the judgment of the lower court is that the instruction for nonsuit ignored the proof adduced by plaintiff in support of the reply alleging that Withrow was at the time of the institution of the suit a nonresident of Missouri. This point is well taken. Wiley v. Holmes, 28 Mo. 286. That case recognizes the well settled doctrine that even where the common law prevails as to the nature and effect of joint contracts, a suit may be brought on a joint undertaking against the obligors who are residents of the state where the suit is brought without joining others of the obligors who are nonresidents and without the jurisdiction of the court in which the action is pending.

For the foregoing reasons the judgment of nonsuit is reversed and the cause remanded for a new trial in conformity with this opinion.

All concur; Judge *Biggs* in result.