# FIRST NATIONAL BANK OF CARTERVILLE, ILLINOIS, Respondent, v. PETER HAHN, Appellant.

St. Louis Court of Appeals.    Submitted on Briefs, October 3, 1917.
Opinions Filed November 6, 1917.

1. **PARTIES: New Parties: Assignment Pendente Lite.** A change of parties in interest by assignment of a judgment does not necessarily require that an action on the judgment brought before the date of the assignment, proceed in the names of the new parties.

2. **JUDGMENTS: Action On: Consideration for Assignment: Evidence.** In an action on a judgment, evidence as to consideration paid by assignees of the judgment was properly excluded.

3. ———: **Action on Foreign Judgment: Several Liability.** A foreign judgment, based on joint and several liability of two or more defendants, can be sued upon against one defendant alone.

4. ———: ———: **Defenses.** A foreign judgment can be impeached on jurisdictional grounds only, or, perhaps, in some cases, where it is obtained by fraud; but anything going to discharge such judgment, occurring after its rendition, may be shown.

5. ———: ———: ———: **Wrongful Handling of Collateral.** In an action on a foreign judgment based on a promissory note, defendant was entitled to show as a defense that collateral pledged to secure the payment of the note was knowingly sacrificed for an inadequate sum after the rendition of such judgment; and such facts being shown, defendant would be entitled to credit for the amount such collateral would have brought, if honestly handled.

6. **PAYMENT: Pleading: Legal Effect of Pleading Payment.** A plea of payment is held in law to mean payment in money.

7. **JUDGMENTS: Action on Foreign Judgment: Wrongful Handling of Collateral: Sufficiency of Answer.** In an action on a foreign judgment based on a promissory note, *held* that the answer contained more than a plea of payment (which, in law, is limited to a money payment), and that such answer was sufficient to warrant the admission of evidence to show that collateral pledged to secure the payment of the note was knowingly sacrificed for an inadequate sum after the rendition of such judgment, so as to charge plaintiff with the true value of the collateral, or what it would have brought if honestly handled.

197 M. A.—38

Appeal from the Circuit Court of the City of St. Louis.—
*Hon. Leo S. Rassieur*, Judge.

REVERSED AND REMANDED.

*R. C. Grier* for appellant.

(1)    Section 1821, Revised Statutes of Missouri,
1909: "An answer or replication may allege facts
which have occurred since the institution of the suit."
(2)    In an action on a foreign judgment, defendant may
show anything going to discharge him from the original
judgment occurring since its rendition.  Kratz v. Pres-
ton, 52 Mo. App. 251; Boynton v. Boynton, 176 Mo. App.
713, 717; 23 Cyc., page 1517, par 2; also footnote "Pay-
ment;" 3 Cyc, page 870, par. 5; 31 Cyc., page 871, par. 8.
(3)    A party holding collateral as security is under duty
to carefully and faithfully perform all acts necessary to
make the collateral available and it is such a duty owed
to the surety and failing in it, by which the collateral
is lost, the surety will be discharged to the extent he is
thereby injured.  Bank v. Kilpatric, 204 Mo. 119, 131;
Taylor v. Jeter, 23 Mo. 250; Dibert v. Darcy, 248 Mo.
617, 660; Cold Storage Co v. Pitts, 176 Mo. App. 142;
Troll v. Real Estate Co., 186 Mo. App. 196, 203-204.

*Fauntleroy, Cullen & Hay* for respondent.

(1)    A party is not permitted to defend or recover
on a defense not pleaded. Weil v. Posten, 77 Mo. 284;
Compton v. Railroad, 147 Mo. App. 414; Gruwell v.
Knights and Ladies of Security, 126 Mo. App. 496.
(2)    Under a plea of payment, it is held it is meant pay-
ment in money, and if it rests on independent agree-
ment, the facts of the agreement must be pleaded and
cannot be shown under a simple plea of payment.  One
will not be permitted to introduce evidence showing that
the note was discharged by an independent agreement
or by wrongful act of the other party, or by reason of a
gift evidenced by receipt.  Bank v. Stewart, 152 Mo.
App. 314; White v. Black, 115 Mo. Mo. App. 28; Bank

v. Stewart, 136 Mo. App. 34; Moore v. Renick, 95 Mo. App. 210; Hyde v. Hazel, 43 Mo. App. 668; Freiermuth v. McKee, 86 Mo. App. 64-66.    (3)    Damages cannot be recovered against one for wrongfully selling collateral. Such sale constitutes no defense to an action on a judgment based on the note, it being the defendant's duty to pay the judgment note before he could be entitled to the return of the collateral  Nevius v. Moore, 221 Mo. 330, 360-1; Barton v. Radcliff, 21 N. E. (Mass.) 374; Fletcher v. Harmon, 7 Atl. (Me.) 271.

REYNOLDS, P. J.—This is an action instituted in the circuit court of the city of St. Louis, on May 15, 1913, by respondent against appellant, on a judgment rendered in its favor in the circuit court of Williamson county, Illinois, in a certain action on a note to which appellant was a party, and in which respondent here was plaintiff and the appellant Hahn, with others, was a defendant.  Setting out that the amount of the judgment rendered and recovered was $2676, plaintiff prays judgment for that amount with interest from the date of its rendition, that is to say, April 30, 1913.    There was a judgment for the respondent for the amount claimed less $900, which it was admitted at the trial had been paid on the judgment on July 1, 1913.

The trial was before the court and a jury, and at the conlusion of the offering and introduction of evidence the court instructed the jury that they should find the issues for the plaintiff, respondent here, and assess its damages for the amount claimed, less $900, with interest at six per cent.

Defendant asked several instructions, which the court refused to give, but in the view we take of the case it is not necessary to set them out, as they are founded on evidence which was excluded.

The errors assigned are to the action of the court in excluding certain testimony and in refusing to permit defendant, now appellant, to prove the matters set out in his offer of proof, tending to show the bad faith of plaintiff in disposing of the collateral after the judgment had been obtained in the circuit court of Williamson

county, Illinois, which bad faith, it is alleged, amounted to a conversion of the collateral and deprived appellant of the full credit on the judgment to which, but for such action he should and would have been entitled.

Error is also assigned to the giving of the instruction for plaintiff above referred to.

The amended answer upon which the case was tried, after a general denial, by way of defense, sets up that plaintiff, ''subsequent to the rendition of the judgment which is the basis of this action, received full payment of said judgment in the following manner, to-wit: The plaintiff held as security for the note which was the basis of the original cause of action first mortgage bonds of the Colp Coal Company in the aggregate sum of $6000 par value; that said bonds are and for a long time have been worth far in excess of the amount of this claim; that subsequent to the rendition of this judgment, which is the basis of this action, plaintiff sold said bonds to Hogan Williford and W. L. Dunston, co-partners; that said Williford and Dunston were buying up the bonds of the Colp Coal Company for the purpose of reorganizing said property; that said parties and the plaintiff herein well knew that said bonds were worth far in excess of the amount of said judgment; that said parties, so knowing that said bonds were of such value, nevertheless the plaintiff herein sold said bonds to said Williford and Dunston for the sum of $900, and thereafter and subsequent to the obtaining of the judgment which is the basis of this action, said plaintiff also assigned its cause of action on said judgment to said Williford and Dunston, who are now the owners of all right, title and interest of plaintiff herein and to said judgment; that said sale was made at an entirely inadequate price, and was known both by the plaintiff herein and by said Williford and Dunston to be an entirely inadequate price, with the intention and for the purpose of obtaining a large judgment against this defendant for a balance on account of said judgment; that plaintiff in equity and good conscience has been fully repaid, and that said Williford and Dunston, assignees thereof,

have also been fully paid, having obtained and converted to their own use collateral as aforesaid which was in value largely in excess of said claim, wherefore in good conscience plaintiff or its assignees should not be permitted to obtain further judgment against this defendant.

"Wherefore, having fully answered, defendant prays judgment."

A general denial by way of reply was filed to this.

Plaintiff introduced a certified copy of the judgment of the circuit court of Williamson county, Illinois, duly authenticated as required by the Act of Congress, and it appearing that the judgment was by confession, also introduced section 8625, chapter 110, page 4982, being in volume 5, Illinois Statutes Annotated, which authorized judgments on confession.

Defendant offered to prove an assignment of the judgement from the First National Bank of Carterville to Burkhart and Hickman, on May 28, 1913, which had been made after the institution of this action, in consideration of the sum of $2733.10 and undertook to inquire as to whether this sum had in fact been paid. The evidence of the assignment was sought to be introduced on the ground that, by the assignment, new parties were involved who had thereby become the real parties in interest and that the action should be in their names. That was properly excluded, the assignment, as it appeared, having been made after the institution of this action. It is the settled law of the State that a change of parties in interest after the institution of the suit, does not necessarily require that the action proceed in the names of the new parties. Nor was it at all material to show what the assignees had paid for the assignment. That was a matter of interest to the assignor and assignees alone and did not tend to prove payment of the judgment by the judgment debtor. The exclusion of this evidence was correct. We notice this in view of a possible retrial of the cause.

It is also suggested by learned counsel for appellant, in his argument before us, that this action, instituted in

our court on a judgment rendered by the Illinois court, should appear to be identical with the Illinois judgment as to parties so that satisfaction of the Missouri judgment would enable defendant to have the Illinois judgment satisfied without producing extraneous evidence to prove the fact of satisfaction. In brief, it is claimed that the judgment was joint and not several and could not be sued on against one of several defendants alone, the other parties defendant to it not being joined. It is true that our court, in Sheehan & Loler Transportation Co. v. Sims, 28 Mo. App. 64, held that a judgment, unlike voluntary contracts between parties, is not a severable obligation, but that an action on a judgment against several parties, if sued upon, must be brought against all of those parties. This, on the ground that whatever constitutes a good defense for one of the defendants operates for the benefit of the others because the obligation is joint. Afterwards, in McElroy v. Ford, 81 Mo. App. 500, our court, on. the authority of State ex rel. Ozark County v. Tate, 109 Mo. 265, 18 S. W. 1088, and Neenan v. City of St. Joseph, 126 Mo. 89, 28 S. W. 963, held that a judgment based on the several liability of two or more defendants, as was this, was so far a joint and several obligation as to sustain an action on it against one defendant alone. Our court there also cited what are now sections 1734, 2769 and 2772 in support of this ruling, particularly section 2772, holding (McElroy v. Ford, supra, 1. c. 507) that this section abolished the common law governing the liability of the obligors on purely joint contracts; that the judgment, which was against several parties, was a contract of record and fairly embraced within the terms of this section. We there referred to Sheehan & Loler Transportation Co. v. Sims, supra, as holding to the contrary doctrine, but we said that this ruling "is not satisfactory," and that the cases on which it is bottomed "have been materially modified, if not entirely repudiated, in State ex rel. Ozark County v. Tate, supra, and Neenan v. City of St. Joseph, supra." We therefore hold, following what we held in McElroy v. Ford, supra, on this point, that this judgment

against several defendants, obtained in the circuit court of Williamson county, Illinois, could be sued upon against one defendant alone without joining the others. Nor do we understand that thereby a defense available to one not sued would, by that fact, be unavailable to the other.

Learned counsel for appellant in his brief and argument well says that it is the established law in this State that a foreign judgment can only be impeached on jurisdictional grounds or, perhaps in some cases, where it is obtained by fraud. That counsel further correctly states that the law is equally well established in this State that the defendant may show anything going to discharge the original judgment occurring since its rendition. Referring to Kratz v. Preston, 52 Mo. 251, and Boynton v. Boynton, 186 Mo. App. 713, 172 S. W. 1175, that counsel states the point at issue here very clearly when he says that the defendant at the trial "attempted to show by a tender of evidence that after the Illinois judgment was obtained and before the trial of the action on the judgment in Missouri, plaintiff planned with Messrs. Williford and Dunston to sell and did sell to said Williford and Dunston the coal bonds (the collateral) at private sale at a knowingly inadequate price and then later assigned the Illinois judgment to Williford and Dunston with the intent to obtain title to the bonds pledged and at the same time obtain a large deficiency judgment against defendant Hahn." This is true in part and so far as the evidence tended to show payment or satisfaction of the judgment, into whomsoever's hands that judgment passed, it is here admissible.

It is held by our Supreme Court in National Exchange Bank v. Kilpatric, 204 Mo. 119 l. c. 131, 102 S. W. 499, that in State Bank of St. Louis v. Bartle, 114 Mo. 276, 21 S. W. 816, it was correctly ruled that it was the duty of a party holding the collateral as security to carefully perform all acts necessary to make the collateral available, and that it was a duty owed to the surety, and failing in it, by which the collateral is lost, the surety will be discharged to the extent he is thereby injured. Practically the same holding was made in Dibert v. D'Arcy,

248 Mo. 617, l. c. 660, 154 S. W. 1116, in Union. Cold Storage & Warehouse Co. v. Pitts, 176 Mo. App. 134, 161 S. W. 1182, and in Troll v. Daugherty & Bush Real Estate Co., 186 Mo. App. 196, l. c. 203-204, 171 S. W. 665.

It appears from an examination of the record in the proceedings in this case that the learned trial court took the view that the amended answer of the defendant amounted to nothing more than a plea of payment. It has been often settled in this State that the plea of payment is held in law to mean payment in money. So we held in Peoples Bank v. Stewart, 136 Mo. App. 24, l. c. 34, 117 S. W. 99, citing many cases, and so the Springfield Court of Appeals held in the same case, 152 Mo. App. 314, l. c. 329, 330, 133 S. W. 70, when that case was subsequently appealed to that court. But as we also said in Peoples Bank v. Stewart, supra, l. c. 34, ''if payment is other than by money, or if it rests on an independent agreement, the substantive facts of the agreement must be pleaded and cannot be shown under a general denial or a simple plea of payment.'' That we think is this case. The learned trial judge here held that neither conversion nor any defense other than payment was pleaded, and that this meant payment in money. In that we think he was in error. The answer of defendant, appellant here, is more than a mere plea of payment. It sets up facts which, if true, entitle defendants to relief *ex aequo et bono.* This, notwithstanding the rule announced by our Supreme Court in Nevius v. Moore, 221 Mo. 330, l. c. 360-361, 120 S. W. 43, that damages cannot be recovered against one for wrongfully selling the collateral, the court holding that such sale constitutes no defense to an action on a judgment based on the note, it being the defendant's duty to pay the judgment note before he could be entitled to the return of the collateral. We have no such case here. As is said in 31 Cyc., p. 870, par. 5. ''Under a plea of *non assumpsit,* or of payment, the pledgor will usually be allowed to prove a conversion of the collateral by the pledgee, or his negligence in realizing on it and applying the proceeds to the payment of the debt.'' And it is said in paragraph 6, same page, 31 Cyc.: ''Upon an

issue raised by defendant as to the conversion of collaterals by the pledgee, the burden is on the pledgee to account for them, but having done so, the burden is on defendant to prove a conversion.

The answer sets up facts which, if true, amounted to a discharge of the judgment debt, at least in part—how far does not appear, and that defendant, if he offered proper and legal evidence to establish such relevant matters, was entitled to do so.

What the appellant was endeavoring to plead by his answer and what we think he did plead, although not very accurately, is, in effect, that there was collateral in the hands of the plaintiff in that judgment, sufficient to have paid off the judgment but that the plaintiff or those to whom that judgment had been assigned, had so handled this collateral as to sacrifice it to the detriment of the defendant, who was one of several indorsers on the note to which the collateral was attached, and he claims that respondent should be charged with the true value of the collateral, or with what that collateral would have brought if it had been handled honestly. If the defendant could show this by proper and legal evidence, we think that on the averments of his answer in this case he was entitled to do so.

The judgment of the circuit court is reversed and the cause remanded. *Allen* and *Becker, JJ.,* concur.